ANDRÉS APONTE RIVERA, ETC., demandantes y recurridos, *v.* SEARS ROEBUCK DE PUERTO RICO, INC., ETC., demandados y peticionaria.

*Número:* CE-91-591          *Resuelto:* 26 de febrero de 1992

1044

*Marta Elisa González* y *Luis Sánchez Betances*, abogados de la peticionaria; *Rafael Emmanuelli Jiménez*, abogado del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

## I

La presente controversia procesal surge dentro del contexto de una acción en daños y perjuicios alegadamente ocasionados por la explosión de una batería de automóvil defectuosa, vendida e instalada por la demandada recurrente, Sears Roebuck de Puerto Rico, Inc. (en adelante Sears).

El 20 de agosto de 1991 el Tribunal Superior, Sala de Ponce, emitió una resolución imponiéndole a la demandada Sears, como sanción al amparo de la Regla 34.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la exclusión del Sr. Carlos W. Feliciano Santiago como testigo de dicha parte. Este testigo fue entrevistado por el investigador ajustador a requerimiento del abogado de la parte demandada. El investigador ajustador tomó notas de su declaración las cuales entregó al abogado. La parte demandada alega que el señor Feliciano Santiago es el único testigo ocular de la explosión.

Inconforme con esta resolución, Sears presentó petición de *certiorari* alegando la comisión de dos (2) errores:

A. Erró el tribunal de instancia al concluir que era de aplicación la Regla 34.4 de las de Procedimiento Civil a los hechos del caso.
B. Erró el tribunal de instancia al imponer como sanción la total exclusión del testimonio del Sr. Carlos Feliciano.

El 25 de octubre de 1991 ordenamos a la parte demandante recurrida mostrar causa por la cual no debería imponerse una sanción menos severa y permitir al testigo Feliciano Santiago declarar, tomándose las medidas pertinentes que fuesen necesarias para que la parte demandante no se perjudique. La parte demandante recurrida ha comparecido, su escrito no nos convence y procede decidir según lo intimado.

## II

*Los hechos procesales pertinentes*

A continuación procedemos a relatar los hechos procesales que dieron base a la determinación del tribunal que hoy se cuestiona. El 23 de junio de 1989 la parte demandante recurrida cursó un primer interrogatorio a la parte demandada y el 7 de julio de ese mismo año, un segundo interro-

gatorio, autenticación de documentos y requerimiento de admisiones. El 6 de octubre la demandada Sears contestó ambos interrogatorios. Con relación a estas contestaciones, el 2 de noviembre de 1989 la parte demandante recurrida presentó una moción en la cual le indicó al tribunal que "[m]uchas de las contestaciones ... [eran] incompletas y deficientes" y que era importante para los demandantes objetarlas para que se le ordenase a los demandados contestar adecuadamente. Finalmente informaron que próximamente iban a presentar las objeciones "citando la pregunta, la contestación ofrecida a la misma y los fundamentos para la objeción"; y que si la parte demandada no suministraba la información solicitada, desde ese momento levantaban "objeción a que se les permita presentar cualquier evidencia relacionada con la información solicitada ...".

El 26 de febrero de 1990 la parte demandante recurrida presentó las objeciones a las contestaciones y solicitó al tribunal que ordenase a la parte demandada recurrente contestarlas adecuadamente. Ese mismo día el caso fue llamado para conferencia con antelación al juicio. En la minuta del tribunal se hizo constar que se encontraban pendientes unas mociones que serían resueltas más tarde por escrito. Entre éstas se encontraba la objeción de los demandantes a las contestaciones. El 9 de agosto de 1990 la parte demandada presentó una moción titulada Moción sobre Asuntos Pendientes, donde le indicó al tribunal las mociones que se encontraban pendientes de resolver, incluso la sometida por los demandantes en que se objetaban las contestaciones de los interrogatorios. Solicitó que se procediese a resolver estos asuntos que estaban pendientes.

El 13 de agosto de 1990 la parte demandada presentó Contestación Suplementaria a Interrogatorio. Como suplemento a las preguntas 7 y 8 del primer interrogatorio informó que el señor Feliciano Santiago "fue entrevistado, a requerimiento del abogado de la parte demandada y en preparación del litigio", y que éste prestó declaración. Ob-

jetó la entrega de dicha declaración basándose en que ésta era el "producto del trabajo del abogado y como tal no [estaba] sujet[a a] descubrimiento".

En Acta de 18 de septiembre de 1990 se hizo constar que en conversación telefónica entre los abogados de las partes "[s]e discutió la posibilidad de que se [objetasen] unas contestaciones suplementarias a las suministradas por la demandada pero no se dispuso nada al respecto vista la posibilidad de que las partes resuelvan estas controversias sin necesidad de intervención del Tribunal".

A pesar de que en el Informe para Conferencia con Antelación al Juicio, recibido en el tribunal el 15 de enero de 1991, no se incluyó como testigo al señor Feliciano Santiago, durante la vista celebrada la parte demandada Sears anunció que utilizaría al señor Feliciano Santiago como testigo, enmendando así, oralmente, dicho informe. La parte demandante no presentó objeción a esta enmienda.

El 20 de agosto de 1991, el tribunal emitió la resolución de la cual se recurre. En ella expresó que "[l]a parte demandante [había] solicitado no se [permitiera] testificar al Sr. Carlos W. Feliciano Santiago por no haber la demandada suministrado copia de su declaración, conforme le fue solicitado desde mucho antes del 15 de enero de 1991, cuando se celebró la conferencia con antelación al juicio y se adicionó a este testigo". La parte demandada, en sus contestaciones suplementarias, había objetado la entrega de dicha declaración fundamentándose en que no procedía la entrega por ser ésta el "producto del trabajo del abogado y como tal no ... sujeto [a] descubrimiento".

El tribunal le impuso a la parte demandada, como sanción por no haber cumplido con el requerimiento de la parte demandante, la exclusión del señor Feliciano Santiago como testigo. Expresó que "[n]o imponer esta sanción ... dejaría a los demandantes en estado de indefensión

cuando ellos oportunamente solicitaron copia de la declaración del testigo, conforme a derecho".

## III

*Contestaciones a los interrogatorios, objeciones a los interrogatorios y a las contestaciones y las sanciones—Reglas 30.1, 34.1 y 34.4*

La controversia planteada en este caso requiere que interpretemos y armonicemos las Reglas 30.1, 34.1, 34.4 y 67.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre interrogatorios, objeciones a éstos, contestaciones a interrogatorios, objeciones a éstas y sanciones.

■ Reiteradamente hemos expresado la importancia de un amplio y liberal descubrimiento de prueba. Este es "'la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia' que tanto mina la fe del pueblo en el sistema judicial". *Lluch v. España Service Sta.*, 117 D.P.R. 729, 743 (1986). Véanse: *Ades v. Zalman*, 115 D.P.R. 514, 517 (1984); *Rivera Alejandro v. Algarín*, 112 D.P.R. 830, 834 (1982); *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 560 (1959); *Shell Co. (P.R.) Ltd. v. Tribl. de Distrito*, 73 D.P.R. 451, 461 (1952); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña*, San Juan, Pubs. J.T.S., 1985, Vol. II, Cap. V.

■ Con el propósito de fomentar una mayor flexibilidad y cooperación entre las partes, y minimizar la intervención de los tribunales en esta etapa del proceso, las Reglas de Procedimiento Civil de 1979 dejaron el descubrimiento de prueba en manos de los abogados. *Lluch v. España Service Sta.*, supra, pág. 743. Cónsono con este esquema, la Regla 67.4 de Procedimiento Civil, *supra*, específicamente dispone que no se presentarán al tribunal "las d[e]posiciones, los interrogatorios, los requerimientos

de admisiones y las contestaciones a éstos ... *hasta tanto sea necesaria su utilización* en los procedimientos o su radicación sea ordenada por el tribunal a moción de parte o a instancia propia". (Énfasis suplido.)

Los interrogatorios constituyen en la mayor parte de los casos, la espina dorsal del descubrimiento de prueba por ser el mecanismo de descubrimiento más sencillo y económico que proveen las Reglas de Procedimiento Civil. *Sierra v. Tribunal Superior*, supra, págs. 561-562. A la Regla 30.1 de Procedimiento Civil, *supra*, que regula el procedimiento para el uso del interrogatorio, se le incorporaron "las enmiendas que se hicieran en 1970 a la correspondiente Regla 33(a) federal", con el propósito de "reducir la intervención de los tribunales en los interrogatorios y propiciar que las partes puedan resolver entre ellas el mayor número de los problemas que puedan surgir con el descubrimiento de prueba". Comentarios a la Regla 30.1 (32 L.P.R.A. Ap. III).

La Regla 30.1 de Procedimiento Civil, *supra*, dispone que si la parte a la cual le fue notificada un interrogatorio lo objeta en su totalidad, ésta "expondr[á,] mediante moción las razones para ello en sustitución de la contestación debiendo acompañarse copia del interrogatorio objetado". Sin embargo, si sólo objeta parte del interrogatorio, entonces deberá, junto con sus objeciones, notificar a la parte que lo sometió las contestaciones a la parte no objetada o sea, "deberá entregar una copia de las contestaciones, o de las objeciones, si algunas, o de ambas conjuntamente, a la parte que formuló dicho interrogatorio ...". Regla 30.1 de Procedimiento Civil, *supra*.

De otra parte, "[l]a parte que somete un interrogatorio podrá objetar las contestaciones al mismo mediante moción al tribunal que incluya una transcripción literal de la pregunta y de la contestación concernida y los funda-

mentos en que se basa la objeción". Regla 30.1 de Procedimiento Civil, *supra*. Dicha parte también "puede solicitar una orden bajo las disposiciones de la Regla 34 con relación a cualquier objeción u omisión en la contestación a un interrogatorio". Íd.

Al comentar la Regla 33 de Procedimiento Civil federal, 28 U.S.C., según ésta fue enmendada en 1970, los tratadistas Wright y Miller expresan que cuando se hace una objeción a alguna pregunta en el interrogatorio el tribunal no pasa automáticamente sobre este asunto. Por lo tanto, la parte objetante no viene obligada a contestar a menos que la parte que le notificó el interrogatorio presente una moción ante el tribunal al amparo de la Regla 37(a) de Procedimiento Civil federal, 28 U.S.C., y el tribunal ordene la contestación. 8 *Wright and Miller, Federal Practice and Procedure* Sec. 2173, pág. 541 y Sec. 2285, pág. 773 (1970). La Regla 34.1 de Procedimiento Civil, *supra*, que equivale a la Regla 37(a) de Procedimiento Civil federal, *supra*, provee el procedimiento que se utiliza para "requerir del tribunal [mediante moción] que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado ...". Regla 34.1, *supra*. Si el tribunal concede la moción "impondrá a la parte o al deponente que incumplió o a la parte o al abogado que hubiere aconsejado tal conducta, o a ambos, el pago a la parte promovente del importe de los gastos incurridos en la obtención de la orden, incluyendo honorarios de abogados, a menos que el tribunal determine que existía justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto". Regla 34.1 de Procedimiento Civil, *supra*.

Ahora bien, si una parte a la cual se le ha notificado un interrogatorio no lo contesta en su totalidad, entonces se le pueden imponer sanciones directamente a tenor con lo dispuesto en la Regla 34.4 de Procedimiento

Civil, *supra*, sin que sea necesaria la presentación previa de una moción para obligar a contestar al amparo de la Regla 34.1 de Procedimiento Civil, *supra*. *Wright and Miller*, supra, Sec. 2285, pág. 773.

■ Tomando en consideración lo antes expuesto, resolvemos que si una parte a la cual se le notifica un interrogatorio objeta alguna pregunta y cumple con lo dispuesto en la Regla 30.1 de Procedimiento Civil, *supra* —notificándole a la parte que notificó el interrogatorio las contestaciones a las preguntas no objetadas junto con la objeción— no viene obligada a contestar la pregunta objetada a menos que el tribunal, al considerar una moción al amparo de la Regla 34.1 de Procedimiento Civil, *supra*, así lo ordene.

## IV

*Aplicación de las Reglas 30.1, 34.1 y 34.4 a los hechos*

En el caso de autos la parte demandante recurrida envió dos (2) pliegos de interrogatorios a la parte demandada recurrente. Ésta los contestó pero la parte demandante objetó algunas de las contestaciones y solicitó al tribunal que ordenase a la parte demandada contestar adecuadamente. Así las cosas, la parte demandada presentó una contestación suplementaria a los interrogatorios en la cual informó que existía una declaración del testigo Feliciano Santiago, pero objetó su entrega por entender que ésta era parte del trabajo del abogado (*work product*) y que, por lo tanto, estaba fuera del alcance del descubrimiento de prueba. La parte demandante no recurrió al tribunal al amparo de la Regla 34.1 de Procedimiento Civil, *supra*, para ampliar su solicitud previa de que se contestase el interrogatorio adecuadamente y solicitar específicamente la entrega de la declaración del testigo Feliciano Santiago. Cabe señalar, además, que el tribunal tampoco resolvió la moción de la parte

demandante. Así las cosas, el día de la vista en su fondo el foro de instancia le impuso a la parte demandada la sanción de la cual se recurre por no haber entregado la declaración del testigo Feliciano Santiago a la parte demandante. Ante estas circunstancias, la parte demandada no venía obligada a suministrar dicha declaración. No procedía la sanción que se impuso al amparo de la Regla 34.4 de Procedimiento Civil, *supra*.

## V

*Documentos, objetos y otra prueba obtenidos en preparación para el juicio—Regla 23.1(b)*

██ Con relación a la pregunta objetada por la parte demandada por ser producto del trabajo del abogado (*work product*), no le asiste la razón. La Regla 23.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

> (b) *Documentos, objetos y otra prueba obtenida en preparación para el juicio.* Sujeto a las disposiciones del inciso (c) de esta regla, una parte podrá hacer descubrimiento de documentos y objetos que, con anterioridad al pleito o para el juicio, hayan sido preparados por o para otra parte, o por o para el representante de dicha parte, incluyendo su abogado, consultor, fiador, asegurador o agente. *Estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte.* Una parte podrá requerir de la otra una lista de los testigos que la parte solicitada intenta utilizar en el juicio, así como un resumen breve de lo que se propone declarar cada uno. *Igualmente, cualquier parte podrá requerir a cualquier otra que produzca copia de todas las declaraciones de testigos en poder de dicha parte.* Asimismo, tanto las partes como los testigos pueden obtener copia de cualquier declaración prestada por ellos anteriormente. *Para los propósitos de esta regla, una declaración prestada con anterioridad al juicio, incluye cualquier declaración escrita, firmada o aprobada por la persona que la prestó, o cualquier tipo de grabación de una declaración o la transcripción de la misma.* (Énfasis suplido.)

■ Como podrá observarse, la Regla 23.1(b) de Procedimiento Civil, *supra*, al reglamentar los documentos, objetos y otra prueba obtenidos en preparación para el juicio, específicamente expresa que "cualquier parte podrá requerir a cualquier otra que produzca copia de todas las declaraciones de testigos en poder de dicha parte". Esto incluye, claro está, cualquier declaración que se encuentre en poder del abogado de la parte.

■ Aunque la Regla 23.1(b) de Procedimiento Civil, *supra*, adoptada en 1979, corresponde a la Regla 26(b)(3) de Procedimiento Civil federal, 28 U.S.C., en la nuestra se eliminó "el requisito de que la parte solicitante demuestre que tiene necesidad sustancial de descubrir dicho material así como la inhabilidad o dificultad de obtenerlo por otros medios. ... No obstante, quedan fuera del ámbito del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte". A nuestra regla también se le adicionó "una disposición permitiendo que cualquier parte pueda requerir copia de todas las declaraciones presentadas por los testigos". Comentarios a la Regla 23.1(b), *supra*. Véase, también, Cuevas Segarra, *op. cit.*, págs. 123–129. Procedía, pues, que el tribunal, con antelación a la vista en su fondo y con suficiente tiempo para que la parte demandante se pudiese preparar, le ordenase a la parte demandada entregar la declaración del testigo Feliciano Santiago a la parte demandante.

Por todo lo antes expuesto, *se dictará sentencia en la que se expide el auto solicitado, se revoca la resolución dictada el 20 de agosto de 1991 por el Tribunal Superior, Sala de Ponce, se le ordena a la parte demandada entregarle la declaración del testigo Feliciano Santiago a la parte demandante y se devuelve el caso al foro de instancia. El tribunal de instancia deberá, luego de oír a las partes, cumplir con lo dispuesto en la Regla 34.1(d) de Procedimiento*

*Civil, 32 L.P.R.A. Ap. III, y señalar la continuación de la vista en su fondo, concediéndole tiempo suficiente a la parte demandante para que pueda prepararse adecuadamente.*