TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos las codemandadas-peticionarias, Puerto Rican American Insurance Company (PRAICO), Ricardo Ocasio Reyes, Manuel Tosado Algarín y Mercedes Marrero Bauermeister y nos solicitan la revisión de una orden emitida por el Tribunal de Primera Instancia, Sala de Fajardo (Hon. Ismael R. Colón Pérez, Juez). Mediante dicha orden, el Tribunal de Primera Instancia le ordenó a la parte codemandada-peticionaria proveer a la parte demandante-recurrida el expediente de investigación y procedimiento disciplinario del codemandado-peticionario, Ocasio Reyes, el cual es propiedad del Estado, Oficina de Administración de Tribunales (O.A.T.).
Luego de estudiados los hechos y el derecho aplicable, se expide el auto de certiorari y se revoca la resolución recurrida por la razón intimada en nuestra Resolución de 11 de septiembre de 2002.
I
El 18 de abril de 2001, Gior Luque Rodríguez, Valentín Camacho Meléndez y la Sociedad Legal de Gananciales compuesta por ambos presentaron ante el Tribunal de Primera Instancia, Sala de Fajardo, una demanda en daños y perjuicios contra Ricardo Ocasio Reyes, Jane Roe y la Sociedad Legal de Bienes *784 Gananciales compuesta por ambos, así como contra Mercedes Marrero Bauermeister, John Doe 1, John Doe 2, John Doe 3, y sus respectivas Sociedades Legales Bienes Gananciales, Manuel Tosada Algarín, su esposa y la Sociedad Legal de Gananciales compuesta por ambos, PRAICO y Cía. de Seguros ABC, DEF y GUI. La parte codemandante-recurrida expuso en su demanda que el 11 de agosto de 2000, alrededor de las 7:00 p.m., en la Carretera número 3, frente a la entrada de la Urbanización Las Gaviotas en Fajardo, el codemandado-peticionario, Ocasio Reyes, conducía alegadamente el vehículo de motor marca Ford, modelo van, tablilla 20082GE, propiedad del Estado Libre Asociado de Puerto Rico y bajo la custodia de la Oficina de Administración de Tribunales (O.A.T.), en dirección de Ceiba a Fajardo en estado de embriaguez y de manera negligente. Además, se expuso que a consecuencia de esto, Ocasio Reyes impactó el vehículo marca Nissan, modelo Sentra 1994, tablilla BBJ-466, conducido por Ana L. Carrera el cual fue impulsado contra el vehículo marca Hyndai, Modelo Accent 1995, tablilla CBW-098, propiedad de los codemandantes-recurridos, Luque Rodríguez y Camacho Meléndez. Todos los codemandados-peticionarios contestaron la demanda.
El 20 de junio de 2001, la parte codemandante-recurrida, los esposos Rodríguez-Camacho, presentaron esta vez por derecho propio una Solicitud de Descubrimiento de Prueba dirigida a la codemandada-peticionaria, PRAICO. En la misma le requirieron a PRAICO la producción de los récord de reparaciones que le realizó Pep Boys al vehículo de la O.A.T., copia de todos los informes preparados por sus representados como resultado del accidente, copia del registro que indique dónde se suponía que estuviese el vehículo y copia de cualquier documento que indique qué acción, si alguna, se tomo contra cualquiera de sus representados. Posteriormente, el 20 de junio de 2001, los codemandantes-recurridos, esposos Rodríguez-Camacho, nuevamente por derecho propio, le notificaron una solicitud de descubrimiento de prueba a la codemandada-peticionaria, Marrero Bauermeister, quien había sido demandada en su carácter personal. En la moción se le solicitó a esta última copia de los récords de las reparaciones hechas por Pep Boys al vehículo de O.A.T., copia de todos los informes o de cualquier documento que hubiera preparado Marrero Bauermeister o sus subalternos que hagan referencia al incidente que expone la demanda, copia del registro que indique donde se suponía que estuviera el vehículo, copia de cualquier documento que indique que acción se tomó contra cualquiera de sus subalternos, que provea una lista en orden de jerarquía de todos sus subalternos en O.A.T., copia de la prueba de alcohol realizada a Ocasio Reyes al momento de su arresto por los hechos que expone la demanda y cualquier otra evidencia que se pretenda presentar en evidencia.
El 19 de julio de 2001, PRAICO, parte codemandada-peticionaria, presentó su objeción a la solicitud de descubrimiento de prueba de cursada a PRAICO alegando en la misma que la solicitud hecha por los codemandantes-recurridos no cumplía con el requisito de especificidad de la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.1. Ese mismo día, la codemandada-peticionaria, Marrero Bauermeister, presentó su objeción a la solicitud de descubrimiento de prueba, por los mismos fundamentos de PRAICO.
El 2 de septiembre de 2001, los demandantes-recurridos presentaron Moción: (l)Asumiendo Representación Legal, (2) En Respuesta a Solicitudes Bajo las Reglas 34 y 67 de Procedimiento Civil, (3) Solicitando Anotación de Rebeldía Contra Codemandados, y (4) Orden Relativa al Descubrimiento de Prueba. En la misma solicitaron que se le anotara la rebeldía a los codemandados-peticionarios, Tosada Algarín y Ocasio Reyes, y que se ordenara a los codemandados-peticionarios, Marrero Bauermeister y PRAICO, contestar y proveer el descubrimiento de prueba solicitado.
Para el 12 de septiembre de 2001, la codemandada-peticionaria, PRAICO, presentó demanda contra tercero contra Pep Boys y su compañía aseguradora. Aunque PRAICO negó los hechos alegados en la demanda, sostiene en su demanda contra tercero que el accidente que dio origen a la presente demanda ocurrió total o parcialmente por la negligencia de la tercera demandada, Pep Boys, la cual previo a la fecha del accidente había alegadamente reparado negligentemente el vehículo de la O.A.T.
El 23 de octubre de 2001, los codemandantes-peticionarios, Tosado Algarín y Ocasio Reyes, presentaron *785 separadamente su contestación a la demanda. Ante la incomparecencia de la parte tercera demandada, Pep Boys, el tribunal le anotó la rebeldía el 6 de marzo de 2002.
Así las cosas, el 18 de marzo de 2002, la parte codemandante-recurrida presentó una moción en la cual le solicitó al tribunal que emitiera una orden a la parte codemandada-peticionaria señalándole que deberán descubrir todos los documentos solicitados El 2 de mayo de 2002, PRAICO, parte codemandada-peticionaria, presentó su réplica.
El 11 de septiembre de 2002, una vez más la parte demandante-recurrida presentó Moción Solicitando: (1) Reconsideración; (2) Orden Relativa al Descubrimiento de Prueba e Informativa. En esta moción, la parte demandante-recurrida especifica que interesa obtener copia del expediente del procedimiento investigativo y disciplinario de la parte codemandada-peticionaria, Ocasio Reyes.
El 24 de julio de 2002, la parte demandante-recurrida presentó Moción Solicitando Orden para tomarle deposición a los codemandados-recurridos, Marrero Bauermeister y Ocasio Reyes, Tosado Algarín y Carrasquillo Rodríguez. El 16 de julio de 2002, el Tribunal de Primera Instancia emitió una Resolución en la cual ordenó la toma de las deposiciones solicitadas. Ese mismo día, el foro de primera instancia emitió otra Resolución por medio de la cual le ordenó a la parte aquí codemandada-peticionaria que en diez (10) días provea los documentos que le había solicitado la parte demandante-recurrida.
La parte codemandada-peticionaria, PRAICO, Ocasio Reyes, Tosado Algarín y Marrero Bauermeister, inconforme con dicha determinación, presentaron ante este Tribunal recurso de certiorari. En él señalan que erró el Tribunal de Primera Instancia al ordenar a los codemandados-peticionarios descubrir el expediente de la acción disciplinaria que se llevó contra la parte codemandada-peticionaria, Ocasio Reyes. El 11 de septiembre de 2002, este Tribunal emitió una resolución en la cual le ordenó a las partes recurridas que en el término de treinta (30) días contados a partir de la notificación de dicha resolución, presentaran su oposición al recurso. Además, se le indicó que en su oposición deberían discutir, sin que ello constituyera una limitación, si procede el descubrimiento de documentos oficiales del Estado (específicamente el expediente investigativo administrativo en poder de O.A.T. del codemandado-peticionario, Ocasio Reyes) aunque el Estado no es parte ni ha sido requerido a la entrega, mediante deposición. El 22 de octubre de 2002, la parte demandante-recurrida presentó su escrito en oposición. Así pues, con el beneficio de la comparecencia de todas las partes, nos encontramos en posición de resolver.
II
La etapa de descubrimiento de prueba
La Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.1, expone el alcance del descubrimiento de prueba de la siguiente manera:

“23.1 Alcance del descubrimiento

El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

(a) En General. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualquiera libros, documentos u otros objetos tangibles y la identidad y dirección de las personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de 
*786
evidencia admisible.

(b) ... [Enfasis Suplido].
Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. Alvarado Colón v. Alemañy Planell, Opinión de 28 de junio de 2002, 2002 J.T.S. 98, a la pág. 1365; Durán v. Banco Popular de Puerto Rico, Opinión de 2 de octubre de 2000, 2000 J.T.S. 156, a la pág. 174; Aponte v. Sears Roebuck de P.R. Inc., 129 D.P.R. 1042, 1049 (1992); General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 38 (1986); Lluch v. España Service Sta., 117 D.P.R. 729, 743 (1986); Ades v. Zalman, 115 D.P.R. 514, 517 (1984); Rivera Alejandro v. Algorín, 112 D.P.R. 830, 834 (1982). Por lo tanto, el Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre descubrimiento de prueba que se va a seguir. Vellón v. Squibb Mfg. Inc., 117 D.P.R. 838, 849 (1986).
El propósito de la Regla 23.1 de Procedimiento Civil, supra, es que aflore la verdad de lo: ocurrido evitando así los inconvenientes, sorpresas e injusticias que surgen cuando se ignoran hasta el día del juicio las cuestiones y los hechos que en realidad son objeto del litigio. Alvarado Colón v. Alemañy Planell, supra; Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 730 (1994); Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959).
Nuestro ordenamiento jurídico solamente establece dos limitaciones al descubrimiento de prueba: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente al asunto en controversia. Regla 23.1 de las Reglas de Procedimiento Civil, Ap. Ill, R. 23.1; Medina v. M.S. & D. Química P.R., Inc., supra, a las págs. 730-731; Ortiz Rivera v. E.L.A., National Ins. Co., 125 D.P.R. 65, 70 (1989); General Electric v. Concessionaires, Inc., supra, a las págs. 38-39. Como regla general, el concepto de pertinencia para propósito de descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. Alfonso Brú v. Trane Export, Inc., Opinión de 20 de septiembre de 2001, 2001 J.T.S. 132, a la pág. 139; General Electric v. Concessionaries, Inc., supra, a la pág. 40. Por eso, para que una materia pueda ser objeto de descubrimiento basta que exista una posibilidad razonable de relación con el asunto en controversia. Alvarado Colón v. Alemañy Planell, supra; Alfonso Brú v. Trane Export, Inc., supra; Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 212 (1982). También se ha resuelto que el concepto de pertinencia del descubrimiento es más amplio que el concepto de pertinencia relacionado con la admisibilidad de la prueba conforme á las Reglas de Evidencia. Véase: Rodríguez v. Scotiabank de P.R., supra, a las págs. 212-213; Medina v. M.S. & D. Química P.R., Inc., supra, a la pág. 731.
"[U]n sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. ” Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959) Véase también, Lluch v. España Service Sta., supra. Bien utilizado, el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio. Id.
Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes “descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto def juicio. ” Durán v. Banco Popular de Puerto Rico, supra, a la pág. 174; Rafael Hernández Colón, Derecho Procesal Civil, Michie de P. R., 1997, see. 2801, pág. 220. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir todas la información relacionada con su caso, independientemente de quién la posea. Durán v. Banco Popular de Puerto Rico, supra; José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Vol. II, Publicaciones JTS, 1985, pág. 123. Sin embargo, el descubrimiento de prueba no puede ser ilimitado. El tribunal puede limitar su alcance, siempre que con ello se adelante la solución de la controversia de una manera rápida, justa y económica. Alfonso Brú v. Trane Export, Inc., supra. Por eso, la Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.2, establece el mecanismo de órdenes protectoras, con el propósito de proteger a la.parte o persona con relación a la cual se utiliza el descubrimiento, *787 de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida.
Uno de los medios disponibles de descubrimiento de prueba son las deposiciones. La Regla 27.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 27.1, establece que “[l]uego de iniciado un pleito, cualquier parte podrá tomar el testimonio de cualquier persona, incluyendo el de una parte, mediante deposición en forma de examen oral... ”. A tenor con lo dispuesto en esta regla, no es requisito para la toma de una deposición ser parte en el pleito.
La Regla 27.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 27.2, establece respecto a la notificación, fecha y lugar de las deposiciones que:

“Regla 27.2. Notificación; fecha y lugar

La parte que deseare tomar la deposición de alguna persona mediante examen oral notificará por escrito, con no menos de diez (10) días de anticipación a todas las otras partes en el pleito. En la notificación se hará constar la fecha, hora y lugar en que se tomará la deposición y el nombre y la dirección de cada una de las personas que habrán de ser examinadas, si fueren conocidas; si el nombre no fuere conocido, una descripción general suficiente para identificar la persona, o la clase o grupo particular a que dicha persona pertenece. El aviso de toma de deposición a una parte podrá ir acompañado de un requerimiento para la producción de documentos u objetos, de conformidad con las disposiciones de la Regla 31. Si el deponente no es una parte y se le notifica una citación para la producción de documentos u objetos en ocasión de la toma de la deposición, estos documentos u objetos deben ser relacionados en la notificación a las partes. El lugar del examen y la citación para la toma de la deposición se regirá por las disposiciones de la Regla 40.4. ” [Enfasis suplido.]
Por último, el foro de primera instancia es el que debe tomar las medidas necesarias para asegurar que los casos ante sí sean adjudicados correctamente, una vez se descubra la prueba pertinente a la controversia a ser dilucidada. Prann v. Delbrey Rivera, Opinión de 22 de enero de 1998, 98 J.T.S. 2, a la pág. 472. Como norma general, este Tribunal no intervendrá con el trámite pautado por el Tribunal de Primera Instancia sobre el procedimiento de descubrimiento de prueba, a menos que se puedan ver afectados los derechos sustanciales de las partes litigantes. General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 42 (1986). El Tribunal Supremo de Puerto Rico ha establecido que, de ordinario, no se intervendrá con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial. Lluch v. España Service Sta., supra.
Ill
La parte aquí codemandada-peticionaria, PRAICO, Ocasio Reyes, Tosado Algarín y Marrero Bauermeister, sostienen que erró el Tribunal de Primera Instancia al emitir una resolución ordenándoles descubrir el expediente de la acción disciplinaria que O.A.T. llevó contra Ocasio Reyes, parte codemandada-peticionaria, constituyendo el mismo materia confidencial, y por ende, no descubrible. No tenemos que dilucidar ese reclamo de confidencialidad ni tampoco si los aquí peticionarios pueden invocarlo.
En este caso existe una controversia trabada, la cual todavía no ha sido dilucidada, respecto a si la parte demandante-recurrida, los esposos Rodríguez-Camacho, demandaron a los codemandados-peticionarios en su carácter personal u oficial. Según surge del expediente ante nuestra consideración la parte demandante-recurrida, los esposos Rodríguez-Camacho, presentaron ante el Tribunal de Primera Instancia un escrito titulado “Mociones Solicitando: (1) Anotación de Rebeldía contra Codemandados, (2) Enmendando Demanda para Incluir Nombres Originalmente Incluidos con Nombres Desconocidos, (3) Moción Informativa y Solicitando *788 Exposición más Definida ”, en el cual expresaron lo siguiente respecto al carácter en el cual le reclamaban a los aquí codemandados-peticionarios: “La parte suscribiente expone ante este Honorable Tribunal por enésima ocasión: (1) que la reclamación de este caso nunca ..., nunca ..., ha reclamado nada ..., absolutamente nada, a ninguno de estos demandados en su carácter oficial, ni al ELA de PR, (2)que en cuanto a las partes codemandadas bajo la Jurisdicción del Honorable Tribunal, Sra. Mercedes Marrero Bauermeister, Sr. Manuel Tosada [sic] Algarín, Sr. Ricardo Ocasio Reyes, y sus respectivas sociedades gananciales en su carácter personal, al día de hoy existen serias dudas que hayan comparecido en este pleito en su carácter personal.” (Ap. Certiorari, a la pág. 274). Por el contrario, la parte demandante-recurrida, los esposos Rodríguez-Camacho, ahora nos argumenta en su escrito en oposición, que lá citación a los codemandados-peticionarios, Marrero Bauermeister y Ocasio Reyes, para la toma de deposición, fue tanto en su carácter personal como oficial. 
De todos modos, los documentos que solicita la parte demandante-recurrida como parte de su descubrimiento de prueba fueron recopilados por O.A.T. y sus funcionarios en el descargo de sus deberes, para que en su día la agencia pudiera determinar si procedía o no alguna sanción administrativa contra Ocasio Reyes, parte codemandada-peticionaria. Sin embargo, los documentos nunca han sido solicitados en este pleito directamente al Estado, quien es el custodio de los mismos. Por el contrario, se los han solicitado a Marrero Bauermeister, parte codemandada-peticionaria.
A tenor con lo anteriormente expuesto, es forzoso concluir que erró el Tribunal de Primera Instancia al emitir una orden mediante la cual le ordena a la Directora Administrativa de O.A.T. o a alguno otro de sus funcionarios que son parte en el pleito en su carácter personal a producir el expediente investigativo y disciplinario de Ocasio Reyes, parte codemandada-peticionaria. Este expediente es propiedad y está bajo el control del Estado (la O.A.T.) quien no es parte del pleito ni ha sido requerido a producirlo, mediante deposición.
IV
Por los fundamentos anteriores expuestos, se expide el auto de certiorari y se deja sin efecto la orden emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, en la cual se le ordena a la parte aquí peticionaria producir el expediente investigativo y de procedimiento disciplinario al cual fue sometido el codemandado-peticionario, Ocasio Reyes.
Lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIO 2003 DTA 24
1. Al respecto, tampoco está ante nosotros el asunto planteado por el Tribunal de Primera Instancia y recogido en la minuta de la vista de 13 de mayo de 2002, de si la aseguradora del vehículo de O.A.T., PRAICO, puede ofrecerle representación legal a la codemandada-peticionaria, Marrero Bauermeister, como parte en su carácter personal y no oficial.