Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| HANNIA MARÍA ASSOCIATES S.E., Y OTROS<br><br>Peticionarios<br><br>v.<br><br>TRIPLE-S PROPIEDAD, INC.<br><br>Recurrida | KLCE202301395 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2019CV05166 (501)<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 18 de enero de 2024.

Comparece ante este Tribunal de Apelaciones, Hannia María Associates, S.E.; Albors Properties Corporation; Attenure Holdings Trust 11; y HRH Property Holdings, LLC (la parte peticionaria) mediante el recurso de *Certiorari* de epígrafe solicitándonos la revisión de una *Minuta-Resolución* emitida por el Tribunal de Primera Instancia (TPI), Sala de Bayamón, el 28 de septiembre de 2023, notificada el 3 de octubre siguiente. Mediante el referido dictamen, el foro *a quo* declaró No Ha Lugar al descubrimiento de prueba de los expedientes de suscripción y reservas que solicitó la parte peticionaria por entender que en este caso dicha prueba no tiene pertinencia.

Por los fundamentos que exponemos a continuación, expedimos el auto solicitado y revocamos la determinación recurrida.

**I.**

A raíz de los daños causados por el huracán María en Puerto Rico, la parte peticionaria instó demanda el 5 de septiembre de 2019, la cual fue posteriormente enmendada, contra Triple-S Propiedad, Inc. (la parte recurrida o Triple-S) por incumplimiento de contrato y dolo. En esencia se adujo que Triple-S intencionalmente y a sabiendas, ha realizado representaciones falsas sobre la cubierta de seguro para evadir el cumplimiento con su obligación contractual de pagar por las pérdidas cubiertas bajo la Póliza de Seguro debido a los daños a la Propiedad Asegurada causados por el huracán María. Se alegó, además, que la Propiedad Asegurada está compuesta por dos edificios de quince niveles, de apartamentos para alquiler, localizados en Bellomonte Development, en el municipio de Guaynabo, y que se emitió una póliza de propiedad comercial (Póliza Núm. 30-CP-81087372-1) a favor de Hannia María para asegurar contra todo riesgo de pérdida física o daños, incluyendo aquellos causados por huracanes. La parte peticionaria valoró los daños en aproximadamente $5,041,797.51.

Triple-S contestó la demanda enmendada, negando las alegaciones esenciales. Arguyó que las cuantías reclamadas son harto excesivas al amparo del Código de Seguros de Puerto Rico y la jurisprudencia aplicable. Señaló que la propiedad fue inspeccionada encontrando que los daños no sobrepasaron los deducibles de $263,734 establecidos expresamente en la Póliza. Entre sus defensas afirmativas se encuentra que: "Los daños alegados, los cuales se niegan, son exageradas, especulativos, infundados y excesivos. La parte demandante no incluye base o cálculo alguno razonable y claro del cual surgen las cuantías

reclamadas. Las cuantías reclamadas resultan ser excesivas y no guardan proporción con los daños realmente alegados."[1]

Posteriormente, el 7 de febrero de 2020, Triple-S sometió una *Solicitud de Sentencia por las Alegaciones* en la que, en esencia, expuso que la cesión de derechos y responsabilidades realizada por la parte peticionaria estaba prohibida expresamente por la póliza expedida.[2] Dicha parte instó su oposición y tras varios trámites procesales, el TPI emitió *Sentencia* declarando nula la cesión de derechos. Asimismo, resolvió que, la parte peticionaria incumplió con el contrato de póliza, por lo que las cubiertas de la póliza no surtían efectos, y desestimó sin perjuicio la Demanda Enmendada.[3]

Inconforme con el dictamen, se instó recurso de apelación (KLAN202000777) el cual fue resuelto mediante *Sentencia* dictada 25 de marzo de 2022 por un *Panel Especial* de esta Curia. El referido dictamen revocó la sentencia apelada al concluir que la cesión post-pérdida no estaba expresamente prohibida por el contrato de póliza.[4] En consecuencia, el caso fue devuelto para la continuación de los procedimientos.

Así las cosas, y atinente a la controversia ante nos, el 8 de marzo de 2023, la parte peticionaria presentó *Solicitud de Orden bajo la Regla 34.2 de Procedimiento Civil*.[5] En resumen, arguyó que en el interrogatorio cursado a Triple-S solicitó información sobre la cantidad de reserva o reserva de pérdida asignada para la presente reclamación, y los documentos relacionados a la *suscripción* (underwritting).[6]

---

[1] Véase, Apéndice del Recurso, a la pág. 130, alegación núm. 83. Véase, además, pág. 114, alegación núm. 11.
[2] *Íd.*, a las págs. 154-379.
[3] *Íd.*, a la pág. 604.
[4] *Íd.*, a la pág. 760.
[5] *Íd.*, a las págs. 1575-1663.
[6] En el Interrogatorio Núm. 29: Indique cuál es la cantidad de reserva o reserva de pérdida asignada para la Reclamación. *Íd.*, a la pág. 1577. En el Requerimiento Núm. 9: Identifique y produzca todos los Documentos y Comunicaciones relacionados con la Póliza de Seguro o el Asegurado. Este

La parte recurrida presentó su oposición en la cual reiteró que la información sobre el expediente de suscripción no está sujeta a descubrimiento por ser impertinente a la controversia. Indicó que no existe nexo alguno entre el proceso de suscripción, y el proceso de ajuste. De igual manera, argumentó que no procede la producción de la información sobre la reserva ya que en el caso de marras no está en controversia la solvencia de Triple-S o su capacidad de cumplir con sus obligaciones. Por último, indicó que la información solicitada está protegida por el privilegio de secreto de negocios de conformidad con las disposiciones el Artículo 53.080 del Código de Seguros, 26 LPRA sec. 4538.

En la vista sobre *Conferencia con Antelación a Juicio* celebrada, mediante el sistema de videoconferencia, el 28 de septiembre de 2023, el TPI resolvió las mociones antes consignadas y dictó *Minuta-Resolución* en la cual dispuso lo siguiente:

> El Tribunal hace constar que con relación a la solicitud de los expedientes de suscripción y reservas que hace la parte demandante, se declara No Ha Lugar. En un caso como este, dicha prueba **no tiene pertinencia a la controversia**. [Énfasis Nuestro]

Inconforme con lo resuelto la parte peticionaria solicitó reconsideración la cual fue declarada *No ha lugar* el 8 de noviembre de 2023, notificada ese mismo día.

Aún en desacuerdo, la parte peticionaria acude ante este foro intermedio mediante el recurso de *certiorari* de epígrafe imputándole al tribunal de primera instancia haber incurrido en los siguientes errores:

> ERRÓ EL TPI AL NO PERMITIR EL DESCUBRIMIENTO DEL EXPEDIENTE DE

---

requerimiento incluye todos los Documentos relacionados a los borradores, anejos, endosos, "underwritting", renovaciones, extensiones, o emisión de la Póliza de Seguro del Asegurado, al igual que su expediente completo de "underwritting", todas las aplicaciones o solicitudes, información sobre historial de pérdida, todos los Documentos recibidos del Asegurado o sus agentes, y todos los Documentos que contengan información que Usted usó, generó, refirió, revisó o descansó en el curso del proceso de "underwritting" de la Póliza de Seguro. *Íd..*, a la pág. 1583.

SUSCRIPCIÓN, A PESAR DE QUE DICHA DOCUMENTACIÓN E[S] PERTINENTE AL CASO DE EPÍGRAFE POR TRIPLE-S ALEGAR QUE LOS DAÑOS RECLAMADOS POR LOS PETICIONARIOS SON PREEXISTENTES.

ERRÓ EL TPI AL NO PERMITIR EL DESCUBRIMIENTO DE LA INFORMACIÓN DE RESERVAS, TODA VEZ QUE, HACE MÁS O MENOS PROBABLE LA CAUSA DE ACCIÓN POR DOLO Y MALA FE PRESENTADA POR LOS PETICIONARIOS EN CONTRA DE TRIPLE-S.

El 12 de diciembre de 2023 dictamos *Resolución* concediendo a la parte recurrida el término de diez (10) días para expresarse. El 22 de diciembre siguiente se cumplió con lo ordenado por lo que damos por perfeccionado el recurso.

Analizados las comparecencias de las partes y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**El auto de *certiorari***

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece las instancias en que el recurso de *certiorari* será expedido y así revisar las resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Sin embargo, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, previo a ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari. García v. Padró*, 165 DPR 324, 334 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. (citas omitidas)." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). Así pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. (citas omitidas)." *Íd.* A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enmarca los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional *certiorari. I.G. Builders et al. v. BBVAPR*, supra. Dicha regla establece lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En síntesis, la precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, es norma trillada que un tribunal

apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009). También, los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

**El descubrimiento de prueba**

Como es sabido, la tendencia moderna en el ámbito del procedimiento civil es a facilitar el descubrimiento de prueba de forma tal que se coloque al juzgador en la mejor posición posible para resolver justamente. *Autopistas P.R. v. A.C.T.,* 167 DPR 361, 379 (2006); *E.L.A. v. Casta,* 162 DPR 1, 9 (2004). La Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, regula el descubrimiento de prueba en la litigación civil. Como resultado, define el alcance y los límites de dicho procedimiento. En lo aquí pertinente, la Regla 23.1 inciso (a) establece que:

> Las partes **podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente**, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, **siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible**. [Énfasis nuestro]

De igual forma, nuestro Tribunal Supremo ha reconocido y reiterado la importancia de llevar a cabo un descubrimiento de prueba amplio y liberal. *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 667 (2021). El fin de este principio es acelerar los procedimientos, propiciar las transacciones y evitar las sorpresas indeseables durante la celebración del juicio. *Íd.*

En virtud de lo anterior, nuestro ordenamiento establece únicamente dos limitaciones al descubrimiento de prueba, a saber: 1) que la información solicitada sea **pertinente** a la controversia; y 2) que la información objeto del descubrimiento no sea **privilegiada**. *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 39-40 (1986).

En cuanto a lo primero, el criterio de pertinencia **incluye todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito**, **aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones**. *ELA v. Casta*, supra, a las págs. 12-13. Incluso, se permite la entrega de materia que sería inadmisible en juicio, si ésta conduce a prueba admisible. *ELA v. Casta*, supra, a la pág. 13; *Aponte v. Sears Roebuck de P.R., Inc.*, 129 DPR 1042, 1049 (1992).

Ahora bien, el descubrimiento de prueba no es ilimitado. El tribunal puede restringir su alcance y mecanismos, siempre que con ello se adelante la solución de controversias de forma rápida, justa y económica. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 168 (2001); *General Electric v. Concessionaires, Inc.*, supra, a la pág. 40. De esta forma, se intenta evitar que cualquiera de las partes abuse de la utilización de los mecanismos de descubrimiento de prueba. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000). Precisamente, la Regla 23.2 de Procedimiento Civil, *supra*, provee y faculta para limitación o condiciones mediante el mecanismo de órdenes protectoras. De esta manera, el Tribunal puede emitir cualquier orden que se requiera en justicia para proteger a una parte o persona de hostigamiento, perturbación u opresión, así como de cualquier molestia o gasto indebido.

Por otro lado, en cuanto a la segunda limitación, el Alto Foro ha resuelto que 'materia privilegiada' es aquella que se encuentra dentro del alcance de algún privilegio reconocido en las Reglas de Evidencia. *McNeil Healthcare v. Mun. Las Piedras II*, supra, a la pág. 674. Debido a que los privilegios impiden el descubrimiento de cierta información, los tribunales deben interpretar la existencia de un privilegio probatorio de forma restrictiva. *Ponce Adv. Med. v. Santiago González et. al.*, 197 DPR 891, 899-900 (2017). Los privilegios no se concederán de manera automática y solo se reconocerán cuando se invoquen de forma certera y oportuna. *Íd.*

Así, la parte que se considere poseedora de información privilegiada cuyo descubrimiento se solicita, debe, tan pronto la misma se solicite: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. *Íd.*, a la pág. 900. Además, el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante preponderancia de la prueba, los elementos del privilegio que invoca. *Íd.* Finalmente, si se levanta el reclamo de un privilegio de <u>manera genérica, vaga o mediante planteamientos estereotipados,</u> <u>sin cumplir con las cinco exigencias pormenorizadas,</u> el tribunal puede denegar la objeción y ordenar la producción de la información. *Íd.*, a la pág. 901.

### III.

En esencia, la parte peticionaria señaló que el TPI erró y abusó de su discreción al determinar que la prueba sobre reserva y

la información sobre suscripción era impertinente. Al respecto, indicó que la prueba sobre reservas y suscripción guarda una posible relación con las causas de acción en daños por dolo contractual y violaciones al Código de Seguros.

Luego de haber revisado los escritos de las partes, el expediente ante nos en su totalidad y el derecho aplicable, colegimos que procede nuestra intervención debido a que ante los asuntos planteados esperar a la apelación constituiría un fracaso irremediable de la justicia y una dilación innecesaria de los procedimientos. Asimismo, a la luz de los criterios dispuestos en la Regla 40 de nuestro Reglamento, *supra*, la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración por lo cual procede la expedición del auto solicitado.

Como cuestión de umbral destacamos que sobre la controversia ante nuestra consideración no existe precedente establecido por el Alto Foro. Sin embargo, esta Curia ha emitido varias sentencias relacionadas a la controversia ante nos cuyo carácter es persuasivo y pueden ser citadas.[7] Por estar los errores relacionados entre si los discutiremos conjuntamente.

De un análisis de las mociones y escritos de la parte, surge que la información sobre la reserva contiene los estimados que hace la propia aseguradora sobre la cantidad que podría requerírsele pagar con relación a las reclamaciones. Por ello, mediante su descubrimiento se podría identificar, si la reserva reconocida por el ajustador al iniciar su gestión en cuanto a una reclamación es cónsona con los estimados de daños y la posible oferta de cubierta que posteriormente Triple-S pueda comunicar. A manera de ejemplo, la diferencia entre la reserva y el estimado comunicado, de ser sustancial, podría ayudar a sustentar la causa de acción de daños por dolo contractual y mala fe. Nótese que en el

---

[7] Véase, Ley de la Judicatura del 2023, Articulo 4-005, 4 LPRA sec. 24x.

presente caso Triple-S alegó que el total de los daños fue $101,132.33 y que estos no sobrepasaron los deducibles establecidos expresamente en la Póliza. En consecuencia, forzoso es concluir que el interrogatorio cursado Triple-S es pertinente. Por otra parte, en la litigación sobre derecho de seguros se ha permitido el descubrimiento de prueba sobre reservas cuando, como en el caso de epígrafe, la demanda contiene alegaciones de prácticas comerciales desleales y de mala fe por parte de la aseguradora.[8]

De otro lado, la información sobre la suscripción de la póliza también es un asunto descubrible en pleitos contra aseguradoras. Dicha información es pertinente porque arroja luz sobre el riesgo aceptado al expedir la póliza en cuestión. Así que, permite comparar la póliza que se expidió con la que pudo haberse expedido. Por ello, en la litigación de seguros, "policyholder's counsel should consider the need for, and request (as appropriate) the following: . . . [t]he underwriting files; [t]he underwriting guidelines; [t]he underwriting training materials; [...]".[9] De igual manera, el expediente de suscripción contiene los procesos que utilizó la aseguradora para la asignación de la prima y la aceptación de los riesgos que presenta la propiedad a ser asegurada. Por ende, dicho expediente de suscripción permitiría verificar si Triple-S actuó conforme sus propios procedimientos al aceptar asegurar la propiedad aquí en controversia o si, por el contrario, actuó dolosamente al asegurarlos.

Por último, puntualizamos que Triple-S alegó como defensa afirmativa que los daños reclamados son exagerados, excesivos,

---

[8] Courts are about evenly split on discovery of reserves, and whether they are discoverable depends in large part on what type of case is before the court: courts are considerably less likely to order discovery of reserves in traditional coverage cases and are more likely to allow discovery in bad faith and unfair trade practices litigation. New Appleman Insurance Law, LexisNexis, 2014 Edition, Sec. 20.08[2][a].

[9] *Íd.*, Sec. 20.07.

especulativos, y no están cubiertos por la póliza, por ende, la información del expediente de reserva pueda resultar pertinente para refutar dichas defensas afirmativas. Del mismo modo, el expediente de suscripción de la póliza es pertinente ya que puede contener información sobre las condiciones preexistentes del bien asegurado, pertinentes para rebatir las defensas afirmativas esbozadas por Triple-S. Por tanto, bien sea por la naturaleza de las causas de acción contenidas en la demanda o por las defensas afirmativas invocadas por la parte recurrida, la información sobre reservas y suscripción es pertinente y en consecuencia descubrible. Los argumentos delineados en la oposición instada por Triple-S al presente recurso no nos convencieron.

Finalmente, respecto al argumento de que la información solicitada constituye un privilegio de secreto de negocio destacamos que el foro recurrido nada dispuso. Según surge de la Transcripción de la Vista sobre el Estado de los Procedimientos realizada el 28 de septiembre de 2023, el foro recurrido se limitó a señalar que en un caso distinto había resuelto que los expedientes de suscripción y de reserva no eran pertinentes, y que esta Curia la confirmó.[10] De la transcripción y ni de la Minuta-Resolución aquí recurrida surge la cita del referido caso. Por otro lado, conforme a lo resuelto en *Ponce Adv. Med. v. Santiago González*, supra, le corresponde al foro recurrido resolver mediante preponderancia de la prueba si existen los elementos del privilegio que invoca Triple-S.

En resumen, reiteramos que para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia.[11] Por lo cual, concluimos que los documentos solicitados por la parte

---

[10] Véase, Apéndice del Recurso a la pág. 1678 y 1682.

[11] *ELA v. Casta,* supra, a la pág. 13 (2004); *Rodríguez v. Scotiabank de P.R.,* 113 DPR 210, 212 (1982).

peticionaria son pertinentes a la controversia de autos. La información solicitada por esta guarda relación con los asuntos en cuestión y permitirá que el TPI pueda determinar si Triple-S actuó de mala fe en el manejo de la reclamación. En cuanto a si procede aplicar el privilegio de secreto de negocio, corresponde al foro sentenciador celebrar la vista al respecto según explicáramos.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari,* se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Ortiz Flores concurre con el resultado sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones