# 2004 DTA 123

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL ESPECIAL II**

HÉCTOR CORTÉS RAMÍREZ
Demandante-Recurrido

v.

LYVIA NOEMÍ RODRÍGUEZ DEL VALLE
Demandada-Peticionaria

Núm. KLCE-04-00836

San Juan, Puerto Rico, a 14 de julio de 2004

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
el Juez Rivera Martínez y el Juez Rivera Román

Bajandas Vélez, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

La Sra. Lyvia Rodríguez del Valle (Sra. Rodríguez o la peticionaria) nos solicita la revocación de la orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 18 de mayo de 2004, notificada el 21 de mayo de 2004. Mediante la misma, el TPI autorizó la toma de deposición a una perito nombrada por dicho tribunal, según fuera previamente solicitada por el Sr. Héctor Cortés Ramírez (Sr. Cortés o el recurrido).

Estudiados con detenimiento los planteamientos de la Sra. Rodríguez, así como el derecho aplicable, resolvemos denegar la expedición del auto de *certiorari*.

## I

El 30 de abril de 2003, el Sr. Cortés entabló demanda contra la Sra. Rodríguez, en la cual solicitó al TPI que implantara las relaciones paterno-filiales entre el primero y sus dos hijas menores de edad, las cuales procreó junto a la peticionaria. ██ Apéndice de la Peticionaria, págs. 1-2. Alegó que, desde que culminó la relación afectiva entre las partes, la Sra. Rodríguez no le había permitido relacionarse con las niñas, en particular con la hija mayor, sin tener razón válida alguna para tal negativa. Añadió, asimismo, que comprendía su responsabilidad en cuanto a la manutención de las menores, por lo que solicitó a dicho foro que determinara el monto de la pensión alimentaria necesaria para el beneficio de éstas.

Por su parte, el 5 de mayo de 2003, la Sra. Rodríguez presentó demanda contra el recurrido en la cual solicitó

 

la custodia y la patria potestad de sus hijas. ■ Apéndice de la Peticionaria, págs. 5-6. Además, requirió al TPI que no estableciera las relaciones paterno-filiales solicitadas por el recurrido hasta tanto se investigara a profundidad su caso. Adujo que había iniciado los procedimientos necesarios para evaluar a su hija mayor, dada la posibilidad de que esta última hubiera sido objeto de algún *"acto sexual"* de parte del Sr. Cortés. Informó que dicha creencia estaba fundamentada en situaciones, datos y observaciones. Añadió que la menor había sido referida a evaluaciones y dicha información pertinente sería descubierta a los trabajadores sociales en su día, cuando así lo requiriera el Tribunal. Suplicó, por tanto, que el TPI refiriera de inmediato su caso a la oficina de los trabajadores sociales de dicho foro. Por último, pidió que se le fijara la suma de seiscientos dólares ($600.00) en concepto de pensión alimentaria para las menores.

Con fecha de 16 de mayo de 2003, el recurrido presentó la contestación a dicha demanda. Apéndice de la Peticionaria, págs. 7-8. Negó categóricamente la alegación sobre contacto sexual con su hija, aduciendo que era completamente falsa, malintencionada y estaba desprovista de fundamento alguno. Asimismo, aseguró que no tenía reparo alguno a que se estableciera pensión alimentaria a beneficio de sus hijas.

El 16 de mayo de 2003, la Sra. Rodríguez contestó la demanda en su contra. Incorporó como reconvención las alegaciones contenidas en la demanda presentada por ella en contra del Sr. Cortés y solicitó, a su vez, la consolidación de ambos casos. Apéndice de la Peticionaria, págs. 9-10. En vista de ello, el 3 de junio de 2003, notificada el 6 de junio de 2003, los mismos fueron consolidados. Apéndice de la Peticionaria, pág. 12.

Así las cosas, el TPI designó como perito a la Dra. Doris González (Dra. González) para que evaluara a la menor y rindiera un informe respecto al alegado contacto sexual. Petición de *Certiorari*, pág. 3. Luego de haberse presentado dicho informe pericial, el 2 de octubre de 2003, notificada el 23 de octubre de 2003, el TPI ordenó a la secretaría que permitiera examinar el expediente del caso a todo perito anunciado por los abogados, así como a estos últimos. Apéndice de la Peticionaria, pág. 14.

El mismo 2 de octubre de 2003, se celebró una vista sobre el estado procesal del caso. En la misma, el Sr. Cortés no aceptó el informe pericial aludido y anunció que lo impugnaría. A tenor con ello, el TPI concedió cuarenta y cinco (45) días para que las partes anunciaran sus respectivos peritos y testigos con un breve resumen de lo que iban a declarar. Señaló, además, que las partes debían anunciar el tipo de descubrimiento de prueba que iban a llevar a cabo. Apéndice de la Peticionaria, págs. 15-16.

El 23 de enero de 2004, el recurrido presentó moción informativa y solicitud de orden. Apéndice de la Peticionaria, págs. 17-18. Notificó que había contratado los servicios de la Dra. Carol Romey (Dra. Romey) para que le asistiera como perito. Alegando que dicha perito debía preparar su expediente para asesorarlo, solicitó el descubrimiento de varios documentos relacionados a los exámenes clínicos realizados a la menor, así como todo documento utilizado como referencia para fundamentar las opiniones periciales contenidas en dichos expedientes. Además, requirió una orden para que la Dra. Romey pudiera entrevistar a todos los profesionales que habían intervenido en el proceso de evaluación de las partes y de la menor.

Igualmente, el 26 de enero de 2004, el recurrido informó al TPI que tomaría una deposición a la Dra. González. Apéndice de la Peticionaria, págs. 19-21. En vista de ello, el 13 de febrero de 2004, notificada el 19 del mismo mes y año, el TPI concedió a la Sra. Rodríguez veinte (20) días para que se expresara en torno a lo solicitado por el Sr. Cortés.

El 26 de febrero de 2004, la peticionaria presentó una oposición a la solicitud de deposición y de descubrimiento de documentos. Apéndice de la Peticionaria, págs. 22-24. Adujo que la Dra. González no era perito de una de las partes, sino del Tribunal y, como tal, no existía derecho a deponerla, según las Reglas de Procedimiento Civil. Añadió que, a base de las Regla 59 de Evidencia, las partes tenían derecho a contrainterrogar al perito del Tribunal y a presentar su propia prueba pericial, lo que no conllevaba tomar deposiciones a este tipo

El 27 de febrero de 2004, el recurrido presentó réplica a dicha oposición. Apéndice de la Peticionaria, págs. 25-30. Indicó que la postura de la Sra. Rodríguez era una infundada con el propósito de impedir que la perito del compareciente pudiera estar en posición de preparar y rendir su propio informe y cuestionar el ya presentado al TPI. Agregó que este caso específico requería un descubrimiento de prueba amplio, dado el impacto que el mismo pudiera tener en las vidas de todos los componentes de esa familia, sobre todo, las de las niñas.

El 24 de marzo de 2004, notificada al próximo día, el TPI autorizó la toma de deposición a la Dra. González por considerarla perito de ambas partes. Apéndice de la Peticionaria, pág. 40. Sin embargo, en vista celebrada el 30 de marzo de 2004, el TPI paralizó dicha autorización y concedió veinte (20) días a la Sra. Rodríguez para que presentara un memorando de derecho en apoyo a su oposición respecto a la toma de deposición a la Dra. González y la producción de documentos.

El 18 de mayo de 2004, notificada el 21 de mayo del año en curso, y habiendo transcurrido el plazo concedido sin haber presentado el aludido memorando, el TPI dio por desistida la oposición a la toma de deposición y autorizó la misma. Apéndice de la Peticionaria, págs. 50-51.

El 4 de junio de 2004, la peticionaria presentó reconsideración de dicha orden. Apéndice de la Peticionaria, págs. 52-57. Reiteró sus argumentos respecto a que las partes no tenían derecho a deponer a un perito nombrado por el Tribunal ni al amparo de las Reglas de Evidencia ni de Procedimiento Civil. Nuevamente, levantó el privilegio consejero-víctima de delito para argüir que la Dra. González como las demás personas que habían intervenido en el caso, no podían entregar los documentos solicitados por el Sr. Cortés. Añadió que la perito del recurrido debía llegar a su propia opinión con los informes que habían sido entregados al TPI y con cualquier otra información que no violara las Reglas de Evidencia ni de Procedimiento Civil. Transcurridos diez (10) días sin respuesta alguna del TPI, se dio por rechazada esta reconsideración.

Inconforme, el 21 de junio de 2004, la Sra. Rodríguez presentó el recurso que nos ocupa. En el mismo, reiteró los planteamientos levantados en su reconsideración y señaló lo siguiente:

*"ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL NO CONSIDERAR LA MOCIÓN DE RECONSIDERACIÓN, CON EL MEMORANDO DE DERECHO EN APOYO A SU OPOSICIÓN A DEPOSICIÓN.*

*ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL PERMITIR LA TOMA DE DEPOSICIÓN A LA PERITA DEL TRIBUNAL EN MATERIAS PRIVILEGIADAS Y PROTEGIDAS."*

El 22 de junio de 2004, la peticionaria presentó moción informativa en la que comunicó que había notificado el recurso al recurrido mediante entrega personal. Acompañó dicha moción con una declaración jurada de la persona que hizo la entrega personal y quien afirmó haber recibido el recurso el día 21 de junio de 2004 y haberlo entregado personalmente el 22 de junio de 2004.

El mismo 22 de junio, el recurrido presentó moción de desestimación. Sostiene que el recurso le fue notificado fuera del término dispuesto para ello, toda vez que fue recibido por sus abogadas al próximo día del vencimiento de dicho término. Argumenta que, aun cuando una parte puede notificar los recursos personalmente o por correo, a tenor con la Regla 33(B) del Reglamento Transitorio del Tribunal de Apelaciones, debe hacerlo dentro del término dispuesto en el mismo, el cual es de cumplimiento estricto. Añade que la peticionaria no ha aducido justa causa para dicha dilación, por lo que procede la desestimación del recurso.

El 9 de julio de 2004, la Sra. Rodríguez presentó una moción solicitando la paralización de los procedimientos. Alega que de no paralizar los mismos, se tornaría en académica la reclamación planteada en su recurso.

El 12 de julio de 2004, notificada el 13 de julio del año en curso, ■ ordenamos a la peticionaria que acreditara la forma en que notificó al recurrido su solicitud de paralización de manera simultánea con su presentación, conforme a lo dispuesto en la Regla 79E del Reglamento Transitorio del Tribunal de Apelaciones. No habiendo recibido respuesta a lo ordenado, procedemos a resolver.

## II

Por ser una cuestión de umbral, debemos atender el planteamiento del Sr. Cortés al efecto de que carecemos de jurisdicción para entender en el recurso de *certiorari* por habérsele notificado el mismo personalmente al próximo día de haberse vencido el término para ello.

Como se sabe, nuestro ordenamiento jurídico favorece el que los pleitos se vean en los méritos. Por ello, son reducidas las instancias en que los tecnicismos legales pueden impedir la dilucidación de las controversias planteadas. El propósito que se persigue es que toda persona, irrespectivo de su nivel socio-económico, tenga fácil acceso a la justicia, tanto a nivel de instancia como apelativo. Esto implica que todo ciudadano puede ejercer su derecho estatutario a que un foro colegiado a nivel apelativo revise las determinaciones judiciales y administrativas que pueden afectar sus derechos. Véase, *Andrés Román Velázquez v. Andrés Román Hernández,* **2002 J.T.S. 132**, 158 D.P.R.__ (2002); *Soc. de Gananciales v. García Robles,* 142 D.P.R. 241, 259-260 (1997).

En aras de alcanzar un sistema de justicia más accesible para todo ciudadano, el 22 de agosto de 2003, se aprobó la nueva *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, Ley Núm. 201 del 22 de agosto de 2003 (Ley Núm. 201), que derogó la Ley de la Judicatura de 1994. Dicha ley entró en vigor el 20 de noviembre de 2003. Entre sus mandatos a este foro incluye: *"El Tribunal de Apelaciones deberá cumplir con el objetivo de esta Ley de dar mayor acceso a la ciudadanía a los procesos judiciales. Deberá ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos."* Artículo 4.002 de la Ley Núm. 201.

Haciendo eco de este mandato, el Reglamento Transitorio de este Tribunal, aprobado por el Tribunal Supremo de Puerto Rico mediante Resolución de 18 de noviembre de 2003 (ER-2003-7), estableció en su Regla 2:

*"A tales fines, este Reglamento está dirigido a:*

*(1) Ofrecer acceso fácil, económico y efectivo al Tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.*

*(2) . . .*

*(3) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y **no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes**."* (Énfasis nuestro.)

Respecto a la notificación del recurso de *certriorari*, la Regla 33(B) de dicho Reglamento dispone que la parte peticionaria notificará el mismo, debidamente sellado con la fecha y la hora de presentación, a los(as) abogados(as) de récord o a las partes, dentro del término dispuesto para la presentación del recurso, término que será de cumplimiento estricto. Añade que dicha notificación podrá efectuarse tanto por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo.

Además, si se utilizara la entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas.

En el caso que nos ocupa, el Sr. Cortés señala que el escrito de *certiorari* le fue notificado personalmente al próximo día de haberse vencido el término para presentar el recurso ante este Tribunal. Aduce que no existe justa causa para dicha notificación tardía, por lo que procede la desestimación del recurso. Este remedio que solicita el recurrido se encuentra diametralmente opuesto al propósito cardinal del Reglamento de este Tribunal de atender las controversias judiciales en los méritos y no desestimar recursos por defectos en su notificación cuando no se han afectado los derechos de las partes.

Surge del expediente que la peticionaria notificó su recurso al recurrido al próximo día de haberlo presentado ante este Tribunal. No obstante, se desprende de la declaración jurada anejada a su moción informativa del 22 de junio de 2004, que sus gestiones para procurar dicha notificación personal fueron realizadas el 21 de junio de 2004, dentro del término para notificar su escrito a la otra parte. Además, informó a este foro al día siguiente la forma y circunstancias de tal diligenciamiento. No vemos cómo podemos penalizar a dicha parte con la desestimación de su recurso cuando sus gestiones indican que intentó notificar al recurrido, según lo establece nuestro Reglamento. Además, aun cuando se le notificó al Sr. Cortés al siguiente día, no existe prueba alguna de que se le haya afectado su derecho de acudir oportunamente ante este Tribunal. Al contrario, su primera moción ante nos fue presentada el 22 de junio de 2004, o sea, al próximo día de haber sido presentado el recurso de *certiorari*. En vista de ello, no existen circunstancias que ameriten desechar el propósito rector que rige los procedimientos ante este Tribunal y desestimar el recurso por defecto en la notificación. Como muy bien lo señala nuestro Tribunal Supremo en *Andrés Román Velázquez v. Andrés Román Hernández, supra,* pág. 255: *"[c]omo regla general, el mecanismo procesal de la desestimación como sanción, debe utilizarse como último recurso. Por consiguiente, cuando el Tribunal [de Apelaciones] utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el Tribunal pueda atender el caso en los méritos".* En virtud de lo anterior, se declara no ha lugar la desestimación del recurso según solicitada por el Sr. Cortés.

### III

Es norma reiterada que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. *Rivera y otros v. Banco Popular,* **2000 J.T.S. 156**, 152 D.P.R. ___ (2000); 8 Wright, Miller & Marcus, *Federal Practice and Procedure,* West Publishing Co., 1994, sec. 2001, pág. 41. Establece nuestro más alto foro que:

*"[el descubrimiento de prueba] 'es la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia' que tanto mina la fe del pueblo en el sistema judicial...Un sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio...Bien utilizado, el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio".* (Citas omitidas.) *Lluch v. España Service Sta.,* 117 D.P.R. 729, 743 (1986).

Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. Rafael Hernández Colón, *Derecho Procesal Civil,* Michie de P.R., 1997, § 2801, pág. 220; Wright, Miller & Marcus, *Op. Cit.* En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. Patrick E. Higginbotham, *General Provissions Governing Discovery; Duty of Disclosure,* 6 Moore´s Federal Practice, 3ra ed., Mathew Bender, 1997, sec. 26.02, págs. 26-25.

La Regla 23.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1 promueve un descubrimiento de prueba amplio y liberal. *Aponte v. Sears Roebuck de P.R., Inc.,* 129 D.P.R. 1042, 1049 (1992); *Lluch v. España Service Sta., supra; Ades v. Zalman,* 115 D.P.R. 514, 518 (1984); *Rivera Alejandro v. Algarín,* 112 D.P.R. 830, 834 (1982); *García Negrón v. Tribunal Superior,* 104 D.P.R. 727, 738 (1976). Esta dispone, en lo pertinente, que:

*"El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:*

*(a) En general-- Las partes podrán hacer descubrimiento de prueba sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte...".*

Dado lo anterior, nuestro ordenamiento solamente establece dos limitaciones al descubrimiento de prueba: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente a la controversia. *Medina v. M.S. & D. Química P.R., Inc.,* 135 D.P.R. 716, 730-31 (1994); *Ortiz Rivera v. E.L.A., National Ins. Co.,* 125 D.P.R. 65, 70 (1989); *General Electric v. Concessionaires, Inc.,* 118 D.P.R. 32, 38-39 (1986); *Rodríguez v. Scotiabank de P.R.,* 113 D.P.R. 201, 212 (1982); *Sierra v. Tribunal Superior,* 81 D.P.R. 554 (1959). Tampoco puede ser objeto de descubrimiento las impresiones mentales, opiniones o teorías legales del abogado del caso; en fin, el producto de su trabajo. *Ades v. Zalman, supra,* pág. 524.

El concepto de *"pertinencia"* para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos más amplios que el utilizado para resolver problemas de admisibilidad bajo las Reglas de Evidencia. Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. *General Electric v. Concessionaires, Inc., supra; Rodríguez v. Scotiabank de P.R., supra.* No obstante, la frase *"materia, no privilegiada"* se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia. *E.L.A. v. Casta Developers, S.E.,* **2004 J.T.S. 82,** ___ D.P.R. ___ (2004).

El esquema adoptado por nuestras reglas deja en manos de los abogados el trámite del descubrimiento, para así fomentar una mayor flexibilidad y minimizar la intervención de los tribunales en esta etapa procesal. *Aponte v. Sears Roebuck de P.R., Inc., supra; Lluch v. España Service Sta., supra.* Sin embargo, esto no significa que el descubrimiento de prueba sea ilimitado. El tribunal puede limitar el alcance y los mecanismos de descubrimiento de prueba a utilizarse, siempre que con ello se adelante la solución de controversias de forma rápida, justa y económica. *Rodríguez Rosado v. Syntex (F.P.),* 160 D.P.R. ___ (2003), **2003 J.T.S. 147,** pág. 156; *General Electric v. Concessionaries, Inc., supra.* De este modo, se elude la posibilidad de que cualquiera de las partes abuse de la utilización de los mecanismos de descubrimiento de prueba. Para evitar este abuso, y así proteger a cualquiera de las partes de hostigamiento, perturbación, opresión, gasto innecesario o molestia indebida, las reglas autorizan a los tribunales a emitir órdenes para regular el descubrimiento. Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véanse también, Hernández Colón, *Op. Cit.,* sec. 2808, págs. 226-29; *Ades v. Zalman, supra,* pág. 523.

Ciertamente, la prueba pericial que una parte pretenda utilizar en el juicio está sujeta al descubrimiento de prueba. Así lo establece la Regla 23.1(c) de Procedimiento Civil. *"El propósito primordial de permitir el descubrimiento de prueba pericial es el que la parte contraria pueda prepararse adecuadamente para contrainterrogar efectivamente al perito y refutar su testimonio".* José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Tomo I, Ed. 2000, San Juan, **Publicaciones J.T.S.,** pág. 484.

De otra parte, la Regla 59 de Evidencia, 32 L.P.R.A. Ap. IV, R. 59, faculta al tribunal a nombrar, a iniciativa propia, uno o más peritos cuando determine que es necesaria dicha prueba pericial. Este perito investigará y, de ordenársele, someterá al tribunal un informe sobre sus hallazgos y opiniones, al igual que podrá declarar en

calidad pericial en el juicio. *"Si el perito es llamado por el tribunal, y el juez hace las preguntas en 'directo', las partes pueden contrainterrogar como si se tratara de cualquier otro testigo"*. (Énfasis nuestro.) Ernesto Chiesa Aponte, *Tratado de Derecho Probatorio*, **Publicaciones J.T.S.**, Tomo I, págs. 589-590. De igual forma, la parte que así lo desee podrá presentar evidencia pericial adicional sobre los mismos hechos o asuntos sobre los cuales declare o informe el perito nombrado por el tribunal.

Por último, es sabido que los privilegios evidenciarios que no poseen rango constitucional se interpretarán restrictivamente cuando se ha de determinar si existe algún privilegio o no. Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV, R. 35. *Noriega v. Hernández Colón*, 130 D.P.R. 919 (1992); *Pueblo en interés del menor LRR*, 125 D.P.R. 81 (1989); *Rodríguez v. Scotiabank, supra; Lugo Ortiz v. Ferrer*, 85 D.P.R. 862 (1962). Teniendo en mente dicho precepto, debemos analizar someramente la Regla 26A de Evidencia. Esta establece, en su inciso (B):

*"Sujeto a lo dispuesto en esta regla, toda víctima de delito, sea o no parte en el pleito o acción, tiene el privilegio de rehusar revelar y de impedir que otro revele una comunicación confidencial entre dicha persona y el consejero, si cualquiera de ellos razonablemente creía que la **comunicación era necesaria para el tratamiento y la ayuda requerida**. El privilegio puede ser invocado no sólo por su poseedor, sino también por una persona autorizada por la víctima, un representante legal o por el consejero a quien se hizo la comunicación."* (Énfasis nuestro.)

La misma regla define claramente que la comunicación confidencial es aquélla habida entre la víctima de delito y su consejero, *"cuando tal información se divulga **durante el curso del tratamiento** que ofrece el consejero para atender una condición emocional o psicológica de la víctima producida por la comisión del delito y que se hace bajo la confianza de que ésta no será divulgada a terceras personas"*. (Énfasis nuestro.) Regla 26A (1) de Evidencia. A su vez, define víctima como aquella persona que *"ha sufrido daño emocional o psicológico como consecuencia de la comisión de un delito **que acude a un consejero o a un centro de ayuda y consejería para obtener asistencia o tratamiento"***. (Énfasis nuestro.) Regla 26A(2) de Evidencia.

Ciertamente, dicho privilegio está cimentado en la política pública dirigida a alcanzar que la consejería a las víctimas de delito y sus familiares sea más exitosa, toda vez que *"las víctimas están más seguras de que sus pensamientos y sentimientos se mantendrán en confidencia y no se divulgarán sin su permiso"*. Exposición de Motivos, Ley Núm. 30 de 19 de junio de 1987, 1987 L.P.R. 108.

Como corolario de todo lo anterior, aquella información o comunicación que no se ofrece dentro del limitado marco del tratamiento emocional o psicológico a una víctima de delito y para la consecución de dicho tratamiento, no será información privilegiada para fines evidenciarios bajo la Regla 26A y, por tanto, podrá estar sujeta a divulgación dentro de un caso, siempre que la misma sea pertinente. Sencillamente, la interpretación restrictiva del privilegio, la cual estamos obligados a aplicar, no permite extender el mismo a toda aquella intervención que pueda tener cualquier persona con alguna posible víctima de delito.

## IV

En el caso del epígrafe, la peticionaria nos plantea que el TPI erró al permitir la deposición de la Dra. González, quien fue nombrada como perito del Tribunal y quien rindiera un informe sobre el alegado abuso sexual del que fuera objeto la hija menor de edad de las partes. Alega que, como perito del tribunal, los derechos de las partes se circunscriben a contrainterrogarla en la vista y a presentar prueba pericial adicional, mas no incluye el deponerla. Añade que la información que posee la Dra. González y que puede ser divulgada mediante dicha deposición, constituye materia privilegiada bajo el privilegio consejero-víctima de delito.

De entrada, debemos señalar que, aun cuando la aludida Regla 23.1(c) de Procedimiento Civil guarda silencio respecto al descubrimiento de prueba al cual estaría sujeto un perito nombrado por el tribunal, es nuestro criterio que este perito puede ser objeto de, al menos, aquel descubrimiento de prueba al que tendría derecho una parte

cuando la parte contraria hubiera consultado a un perito e intentara presentar su testimonio en el juicio. **[4]** Es nuestro entender que, si bien la Regla 59(c) de Evidencia le permite a una parte contrainterrogar al perito nombrado por el tribunal *"como si se tratare de cualquier otro testigo"*, resulta una consecuencia lógica y razonable el proveerle a dicha parte aquellos medios necesarios para lograr un contrainterrogatorio tan efectivo como el de cualquier otro testigo. Resolver lo contrario, implicaría reducir a la mínima expresión el concepto del contrainterrogatorio hasta convertirlo en una mera formalidad. Dicha etapa procesal es de incuestionable importancia para una parte que quiere impugnar la capacidad de un perito, así como las bases de su opinión, máxime cuando se enfrenta a un proceso judicial civil que puede tener implicaciones de índole criminal en su contra. En vista de ello, es nuestra opinión que la Dra. González puede estar sujeta a una deposición, independientemente de que haya sido una perito nombrada por el Tribunal.

Por otro lado, el privilegio consejero-víctima de delito no es de aplicación automática a cualquier información que pudiera divulgar la Dra. González mediante la deposición ordenada por el TPI. Primeramente, no se ha determinado judicialmente la comisión de un delito, ni se ha encontrado causa probable para acusar por algún delito, ni tan siquiera existe en el expediente evidencia de que se haya presentado alguna querella contra el recurrido. El expediente sólo refleja una alegación sobre **alguna posibilidad** de contacto sexual con la menor, alegación que merecerá ser evaluada por el TPI a la luz de la prueba que sea desfilada en la vista en su fondo y que, a todas luces, el recurrido tiene derecho a confrontar.

Además, la Dra. González evaluó la situación de la menor como una perito del Tribunal, quien debía rendir un informe con sus hallazgos, y no como una consejera que pretendía aliviar los padecimientos emocionales o psicológicos de la menor. No surge del expediente que la menor haya comparecido ante dicha doctora en búsqueda de tratamiento emocional o psicológico, ni que le haya divulgado alguna comunicación confidencial durante el curso de un tratamiento que ésta ofrecía para atender una condición emocional o psicológica. Ciertamente, este no es el caso al cual va dirigido el mencionado privilegio. Todo lo contrario, la Dra. González, como perito, evaluó el caso para rendir su opinión, divulgar la misma y someterse a un interrogatorio y contrainterrogatorio, de así ordenarlo el Tribunal. En suma, la perito está para ayudar al Tribunal en la búsqueda de la verdad, no para mantener en confidencia sus hallazgos u opiniones, ni las bases en las cuales asentó las mismas.

Una vez en curso la deposición a la Dra. González, si surgiere alguna circunstancia en la cual se formulare alguna pregunta que cualquiera de los abogados entienda que está protegida por algún privilegio evidenciario, la parte así afectada podrá objetar la misma y, de no lograr resolverse la situación durante la deposición, podrá acudir ante el TPI oportunamente. █

Por último, aun cuando no consideramos como correcto el fundamento del TPI al efecto de que procedía la deposición de la Dra. González por, simplemente, haber transcurrido el término concedido a la peticionaria para presentar su memorando de derecho en oposición sin que ésta hubiera cumplido con ello, entendemos que este descubrimiento procede en derecho. █

Dado que el remedio concedido en la orden recurrida es conforme a derecho y el asunto planteado en este recurso no amerita mayor análisis ni discusión, denegamos expedir el auto de *certiorari* solicitado, conforme lo dispuesto en la Regla 40 del Reglamento Transitorio del Tribunal de Apelaciones.

## V

Por los fundamentos expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Adelántese por teléfono o facsímil y notifíquese de inmediato por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

### ESCOLIOS 2004 DTA 123

**1.** Caso Núm. KCU-03-0127(706).

**2.** Caso Núm. KCU-03-0132(708).

**3.** Ello, debido a que el mismo 12 de julio de 2004, la Secretaría de este Tribunal no pudo lograr comunicación telefónica ni vía fax con la representante legal de la Sra. Rodríguez, siendo posible dicha notificación al siguiente día, 13 de julio de 2004.

**4.** Regla 23.1(c)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

**5.** Igualmente, están disponibles las órdenes protectoras esbozadas en la Regla 23.2 de Procedimiento Civil. De manera particular, esta regla permite que el tribunal emita una orden protectora para que no se lleve a cabo el descubrimiento de ciertas materias o que se limite el alcance de las mismas. Regla 23.2 (d) de Procedimiento Civil. 32 L.P.R.A. Ap. III.

**6.** La revisión se da contra la decisión, no contra sus fundamentos. *Pérez v. Criado Amunategui,* **2000 J.T.S. 105**, 151 D.P.R. ___ (2000); *Pagán v. Alcalde Mun. de Cataño,* 143 D.P.R. 314 (1997); *Piñeiro v. International Air Service,* 140 D.P.R. 343 (1996); *Vélez Rodríguez v. Amaro Cora,* 138 D.P.R. 182 (1995).