ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **JOSÉ LUIS RODRÍGUEZ GONZÁLEZ Y OTROS** <br> DEMANDANTE(S)-RECURRIDA(S) <br><br><br> V. <br><br><br> **JUAN ARCE COLLAZO Y OTROS** <br> DEMANDADA(S)-PETICIONARIA(S) | **KLCE202300381** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **ARECIBO** <br><br> Caso Núm. **AR2019CV01693 (401)** <br><br><br> Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Barresi Ramos, juez ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 31 de mayo de 2023.

Comparecen ante este Tribunal de Apelaciones, los señores **Juan Arce Collazo** y **Giovanni Ramos Betancourt** (señores **Arce Collazo** y **Ramos Betancourt**) mediante *Certiorari y Auxilio de Jurisdicción* incoado el 10 de abril de 2023. En su escrito, nos solicitan que revisemos la *Orden* dictaminada el pasado 9 de marzo por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo.[1] Mediante dicha determinación judicial, el foro primario dispuso: "Nada que disponer. Véase Regla 34.1 de las de Procedimiento Civil. Se extiende hasta el 7 de abril de 2023 el término para presentar o enmendar mociones dispositivas. Se da por concluido el descubrimie[n]to de prueba".

---

[1] Este dictamen fue notificado y archivado en autos el 9 de marzo de 2023. Véase Apéndice de *Certiorari y Auxilio de Jurisdicción,* pág. 94.

Número Identificador:
SEN2023_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

## I.

El 10 de mayo de 2016, los señores **José Luis Rodríguez González** (señor **Rodríguez González**), **Arce Collazo** y **Ramos Betancourt** otorgaron un contrato de arrendamiento sobre una propiedad sita en el Municipio de Arecibo.[2] Ante el alegado incumplimiento de ese contrato, el 6 de septiembre de 2019, tuvo su génesis el caso de epígrafe.

Así pues, el señor **Rodríguez González**, por sí y haciendo negocios como **Truck Stop Bar & Grill Corp**. (**Truck Stop Bar**) instó *Demanda* sobre incumplimiento de contrato; cobro de dinero; enriquecimiento injusto; y daños y perjuicios.[3]  En su causa de acción, alegaron, entre otras cosas, que: es dueño en pleno dominio de una propiedad localizada en el Barrio Sabana Hoyos en Arecibo, Puerto Rico; y los señores **Arce Collazo** y **Ramos Betancourt** han incumplido con las cláusulas y condiciones del mencionado contrato.

El 27 de enero de 2020, los señores **Arce Collazo** y **Ramos Betancourt** presentaron su *Contestación a Demanda y Reconvención* conteniendo sus defensas afirmativas**.**[4]  En síntesis, señalaron que: (1) el señor **Rodríguez González** interpretó las cláusulas del contrato incorrectamente con ánimo de defraudar a los señores **Arce Collazo** y **Ramos Betancourt** y exigirles el cobro reclamado en la demanda; (2) las alegaciones son fraudulentas; y (3) las pérdidas económicas reclamadas son exageradas y sin fundamento en los hechos ni con base legal.[5]

Posteriormente, el 14 de febrero de 2020, los señores **Arce Collazo** y **Ramos Betancourt** cursaron un *Primer Pliego de*

---

[2] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción*, págs. 42-45.
[3] *Íd.*, págs. 1- 11.
[4] *Íd.*, págs. 12- 18.
[5] *Íd.*, pág. 13.

*Interrogatorio y Producción de Documentos* como parte de su descubrimiento de prueba.[6]

El 10 de marzo de 2022, el señor **Rodríguez González** juramentó su contestación al interrogatorio.[7] En dicha contestación, el señor **Rodríguez González** expuso que el señor Ednardo Flores Torres es el presidente, tesorero y socio administrador del negocio. Además, se rehusó a responder ciertas preguntas por entender que constituía información privada de la operación del restaurante, por lo que, debía ser contestada por el presidente.

Ante esta información, el 24 de agosto de 2022, los señores **Arce Collazo** y **Ramos Betancourt** le cursaron un *Primer Pliego de Interrogatorio y Producción de Documentos* al señor Ednardo Flores Torres por conducto de las licenciadas Rosario González y Paredes Albarrán.[8]

Ante ello, en audiencia celebrada el 28 de noviembre de 2022, entre otras cosas, el tribunal primario concedió un plazo de treinta (30) días para presentar la contestación al descubrimiento de prueba del señor Flores Torres.[9]

Ante el incumplimiento del señor Flores Torres, los señores **Arce Collazo** y **Ramos Betancourt** presentaron varios escritos. El 12 de enero de 2023, presentaron *Moción para que Ordene Entregar la Contestación a Interrogatorio de Ednardo Flores So Pena de Sanciones*.[10] Más tarde, el 6 de febrero de 2023, presentaron *Moción para Eliminar Alegaciones por Incumplimiento con Orden del Tribunal*, argumentando que: "[l]a inacción del demandante perjudica a la parte demandada y retrasa aún más el estado procesal del caso".[11]

---

[6] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción*, págs. 19- 26.
[7] *Íd.,* págs. 27- 35.
[8] *Íd.*, págs. 36- 41.
[9] *Íd.,* págs. 46- 47.
[10] *Íd.*, págs. 48 – 49.
[11] *Íd.*, pág. 51.

En consecuencia, el 9 de febrero de 2023, el señor **Rodríguez González** presentó una *Moción Informativa al Expediente del Tribunal en Oposición a Moción Radicada por la Parte Demandada Titulada Moción para Eliminar Alegaciones por Incumplimiento con Orden del Tribunal.*[12]  En resumen, manifestó que el señor Flores Torres no es parte del pleito incoado; no ha sido llamado como testigo; no ha sido parte de ninguna manera de la controversia; y no lo conoce personalmente, por lo que, debe ser citado conforme a las Reglas de Procedimiento Civil.  Por su parte, ese mismo día, los señores **Arce Collazo** y **Ramos Betancourt** replicaron mediante *Moción Informativa al Expediente del Tribunal en Oposición a Moción Radicada por la Parte Demandada Titulada Moción para Eliminar Alegaciones por Incumplimiento con Orden del Tribunal la Oposición* en la cual aducen que siendo la corporación parte en el pleito resulta inverosímil que el señor **Rodríguez González** asevere que el presidente del negocio no pueda ser objeto de un interrogatorio y producción de documentos.  Añadió que, la representación del señor **Rodríguez González** no objetó – inicialmente- el interrogatorio.[13]

En virtud de ello, el 10 de febrero de 2023, el foro *a quo* pronunció la siguiente *Orden*:

> "Surge clara y expresamente de la minuta de la vista del 28 de noviembre de 2022 que se concedía 30 días a la demandante para contestar el interrogatorio dirigido al Sr. Flores, aparentemente nombrado por error en la minuta como "Arna[ldo] e identificado como presidente, tesorero y miembro administrador de la demandante. Tenga la demandante **5 días perentorios para contestar el interrogatorio bajo apercibimiento que, habiendo sido sancionadas las abogadas del demandante previamente, la demandante se expone a una desestimación de la demanda presentada.[14]** Se hace constar igualmente que las sanciones impuestas no han sido satisfechas.  Cumplan con las mismas en 10 días".[15]

---

[12] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción*, págs. 52 – 55.
[13] Íd., pág. 57.
[14] Véase, Entrada núm. 33 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) (énfasis nuestro).
[15] *Íd.*, pág. 59.

Luego de varios incidentes procesales, el 23 de febrero de 2023, el señor Flores Torres juramentó su contestación al interrogatorio.[16]  Al día siguiente, el señor **Rodríguez González** presentó *Moción en Cumplimiento de Orden.[17]*

El 26 de febrero de 2023, los señores **Arce Collazo** y **Ramos Betancourt** presentaron una *Oposición a la Moción en Cumplimiento de Orden Informando la Entrega de la Contestación a Interrogatorio de Flores Torres*.[18]  En pocas palabras, indicaron qué de treinta y una (31) preguntas contenidas en el interrogatorio, el señor Flores Torres contestó en veintiuna (21) ocasiones que desconoce la información que le ha sido solicitada.  Además, aseveró que nunca ha ocupado el puesto de presidente de **Truck Stop Bar**, por lo que, a los señores **Arce Collazo** y **Ramos Betancourt** aseveraron que las contestaciones eran contradictorias y solicitaron la desestimación del pleito.[19]

Así las cosas, el 9 de marzo de 2023, el foro primario intimó la *Orden* recurrida.  Unos días después, el 15 de marzo de 2023, los señores **Arce Collazo** y **Ramos Betancourt** presentaron su *Reconsideración a la Orden del 9 de marzo de 2023*.[20] El pasado 3 de abril, se decretó *Orden* expresando:

> "Se mantiene la determinación del 9 de marzo de 2023. El descubrimiento de prueba culminó.  Tengan hasta el 7 de abril de 2023, para someter cualquier solicitud de sentencia sumaria.  Transcurrido el término quedarán sometidas para la adjudicación".

Insatisfechos, el 10 de abril de 2023, los señores **Arce Collazo** y **Ramos Betancourt** instaron ante este Tribunal de Apelaciones un *Certiorari y Auxilio de Jurisdicción*.  En su escrito, señalan el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia porque, luego de concluido el descubrimiento de

---

[16] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción,* págs. 64- 73.
[17] Entrada núm. 132 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[18] *Íd.,* págs. 74- 93
[19] *Íd.,* pág. 92.
[20] *Íd.,* págs. 95- 97.

prueba, permitió al demandante entregar la contestación a interrogatorio del testigo Flores Torres y, cuando el demandado objetó las contestaciones, el TPI no resolvió las objeciones a la contestación a interrogatorio, no permitió descubrimiento de prueba adicional y estableció una fecha límite para mociones dispositivas.

El 11 de abril de 2023, decretamos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de diez (10) días al señor **Rodríguez González** para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 18 de abril de 2023, el señor **Rodríguez González** presentó su *Alegato en Oposición a Recurso de Certiorari*. En sinopsis, argumenta que los señores **Arce Collazo** y **Ramos Betancourt** no realizaron esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con su representación legal y optó por remitirle un interrogatorio a una persona que no es parte de la controversia.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. A continuación, exponemos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

## II.

### -A-

El recurso de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[21] Por ello, la determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial.[22]

---

[21] *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[22] *Íd.*

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[23]  Sin embargo, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[24]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[25] La mencionada Regla prescribe que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[26]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,
>
> (2) en asuntos relacionados a privilegios evidenciarios,
>
> (3) en casos de anotaciones de rebeldía,
>
> (4) en casos de relaciones de familia,
>
> (5) en casos revestidos de interés público o
>
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[27]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia.  De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en

---

[23] *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016).
[24] *Íd.*
[25] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra; McNeil Healthcare v. Mun. Las Piedras I, supra.*
[26] *800 Ponce de León v. AIG,* 205 DPR 163 (2020).
[27] 4 LPRA Ap. XXII – B; *IG Builders v. BBVAPR,* 185 DPR 307, 339 – 340 (2012).

consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[28]

**-B-**

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[29]  Para ello, la Regla 40 de nuestro Reglamento establece los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*.  A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[30]

Por lo tanto, la norma previamente transcrita pauta el ejercicio sabio y prudente de la facultad discrecional judicial.[31]  La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación".[32]

---

[28] 4 LPRA Ap. XXII-B, R. 40.  *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

[29] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.

[30] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[31] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

[32] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486 – 487 (2019); *Mun. de Caguas v. JRO Construction, supra*.

**-C-**

Nuestro máximo foro reiteradamente ha expresado que el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad; y (5) perpetuar la prueba.[33]  Así pues, el alcance del descubrimiento de prueba es amplio y liberal.[34]  Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento de prueba, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio.[35]

Ahora bien, eso de ninguna manera significa o se traduce en que el descubrimiento de prueba sea una carta en blanco para utilizarse indiscriminadamente para hostigar y perturbar a una parte.[36]  Es ahí cuando el tribunal de instancia, en el ejercicio de su sana discreción, puede limitar el alcance y los mecanismos a utilizarse, ya que su obligación es garantizar una solución justa, rápida y económica del caso, sin que ello constituya alguna ventaja para cualquiera de las partes en el pleito.[37]

Asimismo, el Tribunal Supremo también ha manifestado que los foros apelativos "[n]o [ha] de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, **excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo**".[38]

---

[33] *Rivera Gómez v. Arcos Dorados*, 2023 TSPR 65, 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez, supra*, 14 – 15.  Véase Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334;

[34] *Rivera Gómez v. Arcos Dorados, supra.*

[35] *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).

[36] *Torres González v. Zaragoza Meléndez, supra*, en la pág. 15; *Cruz Flores et al., v. Hops. Ryder et al.*, 2022 TSPR 112; 210 DPR ___ (2022).

[37] *Íd.*

[38] *McNeil Healthcare v. Mun. Las Piedras II, supra*, pág. 672. (Énfasis nuestro).

De igual manera, dicho criterio de revisión aplica a la intervención de los tribunales apelativos en cuanto a las determinaciones interlocutorias de los foros de instancia.[39] Es por ello, que **al momento de ejercer su discreción de extender o acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial.**[40] Así, por una parte, el foro de instancia deberá garantizar la pronta solución de las controversias, y por otra, deberá velar que las partes tengan la oportunidad de realizar un amplio descubrimiento para que en la vista en su fondo no surjan sorpresas.[41]

Cual discutido, entre los mecanismos para descubrir prueba se encuentra el interrogatorio. La Regla 30.1 de las de Procedimiento Civil de 2009 dispone, en lo pertinente, que: [c]ada interrogatorio será contestado por escrito, en forma separada y completa, y bajo juramento, a menos que sea objetado. Si una parte objetara el interrogatorio deberá exponer mediante moción las razones para ello en sustitución de la contestación. Adicionalmente, deberá acompañar copia del interrogatorio objetado. Ahora bien, si sólo se objetare parte del interrogatorio, la parte que lo objeta deberá incluir literalmente las preguntas, así como los fundamentos en que se basa la objeción.[42]

Nuestro Máximo Foro ha expresado que los interrogatorios son la espina dorsal del descubrimiento de prueba, pues son el medio de descubrimiento de prueba más sencillo y económico que proveen las Reglas de Procedimiento Civil de 2009.[43] Así pues, las

---

[39] *Torres González v. Zaragoza Meléndez, supra*, pág. 16; *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).
[40] *González v. Zaragoza Meléndez,* supra., en la pág. 16; *Machado Maldonado v. Barranco Colón*, 119 DPR 563, 565 – 566 (1987). (Énfasis nuestro).
[41] *Íd.*
[42] 32 LPRA Ap. V, R. 30.1.
[43] *Aponte v. Sears Roebuck de PR, Inc.*, 129 DPR 1042, 1050 (1992).

contestaciones a los interrogatorios deben ser claras y específicas. Por lo tanto, **cuando la parte contraria provea contestaciones evasivas o incompletas, la parte que propone el interrogatorio puede acudir ante el tribunal para que le ordene a la parte que ha incumplido contestar específicamente.**[44]

De igual forma, la parte que recibe un interrogatorio tiene un término de treinta (30) días para contestar las preguntas bajo juramento.[45] Por su parte, el tribunal posee la facultad para extender o reducir el término, por motivos justificados. Empero, antes de acudir en auxilio al tribunal, la parte debe realizar esfuerzos razonables, con prontitud y de buena fe con la parte que se niega a contestar debidamente el interrogatorio para llegar a acuerdos sobre las contestaciones.[46] En caso de que las gestiones resulten infructuosas, la parte promovente del interrogatorio deberá presentar una moción al tribunal en la cual certifique cada trámite realizado para tratar de resolver la controversia extrajudicialmente. De ser necesario, el tribunal puede imponer sanciones económicas por verse precisado a dictar una orden.[47]

**-E-**

Por otro lado, la Regla 34 de las de Procedimiento Civil de 2009, activa el poder coactivo del tribunal, mediante la presentación de una moción que cumpla con sus exigencias y al amparo de la Regla 34.2 de las de Procedimiento Civil de 2009, para ordenar a quien se niega al descubrimiento de prueba cumplir con lo dispuesto en las reglas.[48] A tenor con ello, los tribunales están facultados con el poder de sancionar a las partes mediante distintos mecanismos,

---

[44] Rafael Hernández Colón, *Derecho Procesal Civil*, 6ta Ed., San Juan, Lexisnexis de Puerto Rico, 2017, secs. 3001 – 3004., págs. 362 – 364. (énfasis nuestro).
[45] 32 LPRA Ap. V, R. 30.1.
[46] *Íd.*
[47] Véase Rafael Hernández Colon, *supra,* pág. 364.
[48] Rafael Hernández Colon, *supra*, pág. 373.

cuando permanecen en la negativa de obedecer sus órdenes atentando así contra la sana administración de la justicia.[49]

Por ello, en nuestro ordenamiento jurídico se favorece la política judicial de que los casos se ventilen en sus méritos.[50] Tal principio ha de ir en armonía con el propósito de que los pleitos se tramiten de forma justa, rápida y económica.[51] Es decir, que, aunque se favorece la ventilación de los casos en sus méritos, ello "no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales".[52]

En consonancia, los mecanismos reconocidos en la Regla 34.3 de las de Procedimiento Civil de 2009 disponen lo pertinente a incumplimientos con el descubrimiento de prueba. En estas instancias, el tribunal podrá: (1) imponer desacato; (2) ordenar que se tengan por ciertas y probadas para efectos del pleito ciertas materias comprendidas en sus órdenes; (3) prohibir la presentación de cierta evidencia; (4) eliminar alegaciones; (5) suspender procedimientos ulteriores; (6) desestimar el pleito; (7) dictar sentencia en rebeldía; (8) imponer sanciones económicas a cualquier parte, incluyendo a testigos y/o abogados; y (9) condenar al pago de los gastos incurridos, incluyendo honorarios de abogado.[53] Además, no será excusable la falta de cumplimiento a que se refiere esta regla, por el fundamento de que lo solicitado es objetable.[54]

Por otro lado, la Regla 39.2 (a) de las de Procedimiento Civil de 2009, prescribe como sigue: [55]

---

[49] 32 LPRA Ap. V, R.34.3.
[50] *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 288 (2017).
[51] *Íd.*
[52] *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 221-222 (2001).
[53] 32 LPRA Ap. V, R.34.3.
[54] *Íd.*
[55] 32 LPRA Ap. V. R. 39.2.

(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.[56]

En consecuencia, al interpretar conjuntamente las Reglas 34.3 y 39.2 (a) de las de Procedimiento Civil de 2009 resulta inaceptable que nuestros tribunales de justicia desestimen casos por situaciones fuera del control de las partes, sin que se les permita actuar sobre las violaciones que se le han señalado.[57] De hecho, en ocasiones, se ha impuesto tan severa sanción porque el abogado de una parte no ha cumplido con alguna disposición legal o con alguna orden del tribunal. En tales casos, no debe proceder la desestimación, pues constituye una sanción demasiado severa contra la parte, considerando que la falta la cometió su abogado y no la parte y/o la causa de la desestimación no está bajo el control de la parte ni del propio abogado.[58] La desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y después que otras sanciones hayan probado ser ineficaces en el

---

[56] 32 LPRA Ap. V. R.39.2. Véase también *Mun. de Arecibo v. Almac. Yakima*, supra.
[57] *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012).
[58] *HRS Erase Inc., v. Centro Médico del Turabo Inc.*, 205 DPR 689, 701 (2020).

orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento.[59]

Esencialmente, el requisito de realizar un previo apercibimiento a la parte antes de proceder con la desestimación es parte del debido proceso que la ley ha reconocido para estas circunstancias. Según las expresiones de nuestro más alto foro:

> La experiencia señala que en la gran mayoría de los casos [...] las partes no están [al tanto] de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas.[60]

Así pues, en ausencia de contumacia o dejadez extrema, la negativa de un tribunal a emplear sanciones menos drásticas que la desestimación, constituye privación al derecho constitucional de ser escuchado que es corolario del debido proceso de ley.[61] Por consiguiente, antes de desestimar una demanda la citada regla requiere: (1) la imposición de sanciones a la representación legal de la parte por el incumplimiento; (2) notificar directamente a la parte sobre la situación; (3) informar a la parte sobre las consecuencias de no corregir la situación; y (4) conceder oportunidad a la parte para corregir la situación en un término razonable no menor de treinta (30) días.[62]

### III.

En el caso de marras, los señores **Arce Collazo** y **Ramos Betancourt** señalan que erró el foro de instancia al permitir que el señor **Rodríguez González** notificará tardíamente la contestación al interrogatorio que fuese cursado al señor Flores Torres (presidente

---

[59] *Mun. de Arecibo v. Almac. Yakima*, supra.
[60] *Maldonado v. Srio. de Rec. Naturales*, supra, pág. 498.
[61] Véase Javier Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 2012, pág. 252.
[62] 32 LPRA Ap. V. R. 39.2(a). Véase, J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo III, págs. 1118-1119; Véase, además *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, supra.

de **Truck Stop Bar,** parte co-demandante). Además, expresaron que el tribunal primario dejó sin resolver sus objeciones; y dispuso nueva fecha para presentar mociones dispositivas. Arguyeron que, ante su derecho a un adecuado descubrimiento de prueba y la notificación tardía de la contestación del interrogatorio, el tribunal primario debió resolver sus objeciones; extender el plazo del descubrimiento de prueba; y aplazar el término para presentar mociones dispositivas.

Por otro lado, el señor **Rodríguez González** planteó que cuando surgen controversias en torno al descubrimiento de prueba, se debe presentar oportunamente una moción certificándole al tribunal que la parte realizó esfuerzos razonables, con prontitud y buena fe. Ello, para tratar de llegar a un acuerdo razonable cuyo objetivo sea resolver las controversias. También, expuso que el requerirle información a una persona que no es parte del pleito, obstruye el proceso de la parte contraria colocándolo en una posición inadecuada al requerirle información que se encuentra fuera del ámbito del descubrimiento.[63]

En nuestro caso, surge del expediente, que, en marzo de 2022, el señor **Rodríguez González** contestó un pliego de interrogatorio en el cual expuso que el señor Ednardo Flores Torres es el presidente de **Truck Stop Bar**.[64] Ante ello, el 24 de agosto de 2022, los señores **Arce Collazo** y **Ramos Betancourt** procedieron a dirigir y notificar un pliego de interrogatorio al señor Flores Torres. El señor **Rodríguez González** no levantó objeción o planteamiento alguno con relación a dicho descubrimiento de prueba, hasta que presentó de forma tardía su contestación al *Primer Pliego de Interrogatorio y Producción de Documentos.*

---

[63] Véase *Alegato en Oposición a Certiorari,* págs. 1 – 16.
[64] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción,* pág. 28.

Luego de varios trámites procesales, el 28 de noviembre de 2022, el foro de instancia celebró una audiencia en la cual se dispuso el 31 de enero de 2023, como la fecha límite para culminar el descubrimiento de prueba.[65]  Al vencerse el término para la contestación al pliego de interrogatorio, los señores **Arce Collazo** y **Ramos Betancourt** solicitaron una orden de cumplimiento con el descubrimiento de prueba al foro primario.  Después de un tiempo, ante el reiterado incumplimiento del Flores Torres, los señores **Arce Collazo** y **Ramos Betancourt** solicitaron la desestimación del pleito.

Posteriormente, el señor **Rodríguez González** planteó que el señor Flores Torres no es parte del pleito y tampoco lo han llamado como testigo ni lo conocen.[66]  En consecuencia, el 13 de febrero de 2023, habiendo culminado el descubrimiento de prueba, el tribunal de instancia le concedió cinco (5) días perentorios al señor Rodríguez González para notificar su contestación al pliego de interrogatorio.

Así las cosas, no fue hasta el 24 de febrero de 2023, es decir, once (11) días después de vencido el plazo, que el señor **Rodríguez González** remitió por correo electrónico la contestación del pliego de interrogatorio del señor Flores Torres.  Los señores **Arce Collazo** y **Ramos Betancourt** objetaron veintiuna (21) de las contestaciones. El foro primario mantuvo su determinación de 9 de marzo de 2023; dio por culminado el descubrimiento de prueba; y concedió hasta el 7 de abril de 2023 como fecha límite para presentar mociones dispositivas.[67]

Ante ello, es forzoso colegir que el tribunal *a quo* había dispuesto un plazo para culminar el descubrimiento de prueba hasta el 31 de enero de 2023; sin embargo, el 10 de febrero de 2023, concedió término al señor Flores Torres para notificar su contestación al pliego de interrogatorio que le fuese cursado desde

---

[65] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción,* pág. 47.
[66] *Certiorari y Auxilio,* pág. 4.
[67] Véase Apéndice de *Certiorari y Auxilio de Jurisdicción,* pág. 59.

el 24 de agosto de 2022. Concluimos que no es razonable culminar un descubrimiento de prueba el cual se extendió más allá del plazo dispuesto (31 de enero de 2023) al conceder más tiempo para notificar una contestación a un pliego de interrogatorio. Esto tuvo la consecuencia de que a escasamente dos (2) días de haberse notificado las contestaciones del pliego de interrogatorio (24 de febrero de 2023- fuera del plazo concedido el 10 de febrero de 2023), los señores **Arce Collazo** y **Ramos Betancourt** presentaran su objeción.

Ante ello, y en ánimo de un balance adecuado para impartir justicia, dejamos sin efecto la *Orden* dictaminada el 9 de marzo de 2023; se le requiere al tribunal de instancia atender las objeciones de señores **Arce Collazo** y **Ramos Betancourt**; se les conceda un **plazo final** para culminar el descubrimiento de prueba, si alguno, concerniente a la contestación del pliego de interrogatorio cursado a señor Flores Torres; y se disponga nueva fecha para mociones dispositivas.

**IV.**

Por todo lo cual, *expedimos* el auto de *certiorari*; se revoca la *Orden* intimada el 9 de marzo de 2023; y se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones